Syracuse Teachers Association, Incorporated, Appellant, *v.* Board of Education, Syracuse City School District, Respondent and Third-Party Plaintiff-Respondent; Comptroller of the State of New York, Third-Party Defendant-Respondent.

Fourth Department, June 29, 1973.

*Sneeringer & Rowley, P. C. (Richard R. Rowley* of counsel), for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust (James P. Burns, III,* of counsel), for third-party plaintiff-respondent.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for third-party defendant-respondent.

Witmer, J. This appeal presents the question of the authority of the board of education of a school district, in its collective bargaining negotiations with a teachers' representative bargaining agent, to agree to the establishment of a " sick leave bank ".

In the summer of 1968 the plaintiff, Syracuse Teachers Association, Inc., and the defendant-third-party plaintiff, Board of Education of Syracuse City School District, entered into negotiations, pursuant to the provisions of the Public Employees' Fair Employment Act [the Taylor Law] (Civil Service Law, art. 14, §§ 200–214), concerning the terms of employment of the teachers in the district's schools and they agreed that effective for the two-year period beginning September 1, 1969 each teacher member, " shall be permitted to contribute up to three (3) days from his sick leave accumulation reserve each school year to a ' Sick Leave Bank ', which shall be established to aid teachers who suffer prolonged illness and whose sick leave accumulation has been exhausted. The Board shall match each such contribution up to a maximum total reserve of 3,000 days. The line item in the 1969 budget shall be $10,000.00." It was also provided that in case of illness of a prolonged nature a teacher with three years or less of service, who should be otherwise qualified, could draw up to 40 days of credit from such accumulated days in the " sick leave bank ", and a tenured teacher, so qualified, could draw up to 90 days credit therefrom; and provisions were made (1) for suitable medical examinations and reports to assure proper use of such privilege and (2) that expenditures from the bank could not exceed the board's line item therefor in the budget.

Shortly after this contract became effective the State Comptroller ruled that the provision for " transfer or assignment of sick leave credits of one public employee to another " is unlawful and payment by defendant board under its agreement with plaintiff association would not be approved. Defendant board so notified plaintiff and advised plaintiff that it was unable to abide by such provision in the contract. Plaintiff thereupon instituted this action against the Board of Education for judgment declaring the validity of that provision of the agreement. Defendant Board of Education impleaded the State Comptroller as third-party defendant.

The facts being undisputed, plaintiff moved for summary judgment in its favor and the Comptroller, third-party defendant, cross-moved for summary judgment in his favor. Special Term declared that the provision contravened the intent and purpose of section 3005-b of the Education Law and agreed with the Comptroller that there is no authorization for the transfer or assignment from one public employee to another of a benefit of this sort " which is, by its very nature, personal and unassignable ". Special Term granted summary judgment in favor of

the defendant and third-party defendant and declared the provision illegal and void.

Section 3005-b of the Education Law provides that each school district outside of New York City, "shall allow each teacher employed by the district sick leave without loss of salary for at least 10 working days in any year on account of personal sickness or physical disability"; and that if the teacher does not use such leave in any year, "the amount not used shall be accumulated from year to year and used, if needed, up to a total of not less than one hundred fifty working days".

In subdivision 1 of section 204 of the Taylor Law (Civil Service Law, art. 14) it is provided that, "Public employers are hereby empowered to recognize employee organizations for the purpose of negotiating collectively in the determination of * * * the terms and conditions of employment of their public employees as provided in this article, and to negotiate and enter into written agreements with such employee organizations in determining such terms and conditions of employment".

The Taylor Law, of course, does not authorize a public board to give away public funds — an act forbidden by section 1 of article VIII of the New York State Constitution (*Matter of Mahon* v. *Board of Educ. of City of N. Y.*, 171 N. Y. 263). But it is a duty of a school board to employ teachers and to pay them reasonable compensation. Such compensation may take the form both of cash wages and "fringe benefits". A provision tending to protect the members of the plaintiff association against the financial loss which a prolonged illness may cause is a "fringe benefit"; and its inclusion in a labor contract as a negotiated term of employment is proper (see *Rayburn* v. *Board of Educ.*, 71 LRRM, 2177, 2178–2179 [Mich. Cir. Ct.]).

In *Board of Educ., Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington* (30 N Y 2d 122, 127) the court said, "the validity of a provision found in a collective agreement negotiated by a public employer turns upon whether it constitutes a term or condition of employment. If it does, then, the public employer must negotiate as to such term or condition and, upon reaching an understanding, must incorporate it into the collective agreement unless some statutory provision circumscribes its power to do so." And at page 130 the court continued, "Public employers must, therefore, be presumed to possess the broad powers needed to negotiate with employees as to all terms and conditions of employment. The presumption may, of course, be rebutted by showing statutory provisions which expressly prohibit collective bargaining as

to a particular term or condition but, ' [i]n the absence of an express legislative restriction against bargaining for that term of an employment contract between a public employer and its employees, the authority to provide for such [term] resides in the [school board] under the broad powers and duties delegated by the statutes.' * * * It is hardly necessary to say that, if the Board asserts a lack of power to agree to any particular term or condition of employment, it has the burden of demonstrating the existence of a specific statutory provision which circumscribes the exercise of such power.'' The Comptroller appears to view plaintiff as only the bargaining agent of each individual teacher and to hold that under section 3005-b of the Education Law each teacher has sick leave rights personal to himself only. In our view plaintiff is the agent not only for each of its member teachers but also for all of its teachers collectively, and in their behalf and with their approval it may negotiate for their common good. It is not for us to consider the practical propriety of the board's agreement with plaintiff. The question before us is only the legality of the agreement. It should be noted, however, that the agreement was not an arbitrary invasion of the public exchequer; there is evidence of '' give and take '' negotiations. Each teacher who contributes to the sick leave bank annually relinquishes up to three days of his own statutory sick leave rights. In return he receives the potential benefit of the right, in case of prolonged illness only, to draw upon the sick leave bank. There are limits with respect to the credits any teacher may obtain and also to the total extent to which the defendant may be charged. Clearly the provision is a general one for the benefit of all of the plaintiff's teachers; and it is a term and condition of their employment. It was, therefore, within the competence of the plaintiff Association and the defendant Board of Education to negotiate and include such term in the contract (*Matter of Antonopoulou* v. *Beame,* 32 N Y 2d 126).

Defendants have cited no statute which circumscribes the power of the Board of Education (see *Board of Educ. of Town of Huntington* v. *Associated Teachers of Huntington, supra,* pp. 127, 130) to include such a provision in the contract it negotiated with plaintiff association.

We hold, therefore, that the provision in the contract for a sick leave bank was lawful and that the order of Special Term should be reversed and judgment entered declaring such provision to be valid.

Marsh, J. P., Cardamone, Simons and Henry, JJ., concur.

Order unanimously reversed with costs and judgment declared in favor of plaintiff in accordance with opinion by Witmer, J.