Norman L. Harvey, J.
This is a motion for summary judgment in lieu of a complaint pursuant to CPLR 3213.
Plaintiff was originally employed by the City of Plattsburgh in 1961 as a fireman. In the latter part of 1965, he was injured as a result of an accident which occurred during the performance of his duties. From the time of the accident until his retirement from the fire department on December 27, 1973 the plaintiff was unable to satisfy the minimum physical standards for his position and was excused from performing any of his regularly scheduled duties as a fireman. During that time he was not required to report to work but he collected his full salary as a fireman pursuant to section 207-a of the General Municipal Law.
The instant action is to recover for sick time and vacation time benefits accumulated prior to and during the period of plaintiff’s disability. There is a third claim for 43 hours of overtime pay claimed to have been earned prior to his disability.
On the day that plaintiff began collecting disability benefits, he was credited with 11 days of sick leave and 14 days of vacation time. On the day of his retirement he claims he had 121 days sick leave and 175 days vacation time accumulated.
Plaintiff claims that by virtue of the agreement between the City of Plattsburgh and the New York State Permanent Firemen’s Association No. 57 which was in effect at the time of his retirement, he is entitled to the relief that he now seeks. Relevant portions of that agreement are:
"ARTICLE V VACATION SECTION 1. ENTITLEMENTS
"Each member of the Fire Department in the City, be they provisional, probationary or permanent, shift worker or scheduled worker, shall be allowed an annual vacation of not less than 14 calendar days after having served one (1) year in the Fire Department; the times to be drawn and selected by rank and seniority, and after having served five (5) continuous
*72 years, shall be allowed an annual vacation of not less than twenty-one (21) calendar days: and after having served ten (10) continuous years, shall be allowed an annual vacation of not less than twenty-eight (28) calendar days, said times also being selected by rank and seniority, without diminution of salary as fixed or pursuant to law.”
"Article vi sick leave, bereavement, jury duty Section 1. Sick Leave
"Sick leave of fifteen (15) calendar days per year shall be allowed to any Fireman commencing with the effective date of his employment as a provisional Fireman. Said sick leave may be accumulated at the rate of one and one-quarter (1-Í4) days a month until a total of one hundred fifty (150) days is reached and kept to the Fireman’s credit for future sick leave with pay.”
"Section 4. Cash Payment for Unused Sick Leave
"a) Employees shall be compensated in cash in an amount equal to fifty per cent (50%) of any accumulated unused sick leave when permanently separated from employment as the result of retirement.
"b) The amount of payment for all unused sick leave as above provided shall be calculated at the employee’s rate of pay in effect on the pay day immediately preceding the employee’s retirement.”
Section 46H of article VII of the Administrative Code of the City of Plattsburgh states: "Upon separation from service with the City of Plattsburgh an employee or officer may be paid a cash payment of the monetary value of accumulated and unused vacation time standing to the credit of the employee or officer, or in death in service, to be paid to the beneficiaries. (As per Ordinance of March 9, 1967).”
Plaintiff’s claim that he accumulated full vacation and sick leave time while not performing any duty whatsoever for an eight-year period and that he should now be paid the cash value of those accumulations in addition to his full salary paid him all those years is quite startling. His contentions must be scrutinized carefully.
If the court understands plaintiff’s theory, he feels that he is entitled to this additional amount of money as a contract right. The cited provisions are parts of the 1972-1975 labor *73 contract in effect at the time of his retirement. But, he performed no services of any nature for an eight-year period. Mutuality is the keynote of contracts. It is obvious that the City of Plattsburgh expected regular services to be performed by an employee in order to entitle that employee to the various benefits established by the contract. His status for the last eight years was one established by New York State statute and not by contract. Unless the statute incorporated the relevant sick leave and vacation provisions into its mandated directions, plaintiff is not entitled to compensation for unused sick leave and vacation time allegedly accumulated during plaintiffs absence from work because of disability.
The applicable language of the General Municipal Law is:
"§ 207-a. Payment of salary, medical and hospital expenses of firemen with injuries or illness incurred in performance of duties.
"Any paid fireman of a fire company or fire department of a city of less than one million population, or town, village of fire district, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment, shall be paid by the municipality or fire district by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition, such municipality or fire district shall be liable for all medical treatment and hospital care furnished during such disability.”
Obviously the statute says nothing about vacations and sick leave. But plaintiff contends that "regular salary or wages” includes vacation and health benefits. To support his contention, he cites sections 190 and 198-c of the Labor Law. For purposes of construction of article 6 of the Labor Law "wages” are defined to include "reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay.” (Labor Law, § 198-c.) That definition has no application to the present issue because article 6 of the Labor Láw is not involved in this litigation and because it has no application to a governmental agency.
"3. 'Employer’ includes any person, corporation or association employing any individual in any occupation, industry, trade, business or service. The term 'employer’ shall not include a governmental agency.” (Labor Law, § 190, subd 3.)
Without a showing of legislative intent to the contrary, it is *74 a general rule of statutory construction that words of a statute will be interpreted in their ordinary acceptance and significance and the meaning commonly attributed to them. (Bright Homes v Wright, 8 NY2d 157.) Historically "salary” and "wages” mean essentially the same although "salary” generally is meant to be a fixed compensation periodically paid to a person for regular work or services, especially work other than that of a manual, mechanical or menial kind while "wages” generally mean that which is paid for work or services, as by the day or week. (The American College Dictionary.) The applicable labor contract and the Administrative Code of the City of Plattsburgh appear to use the words interchangeably but always in reference to money. A literal construction of the statute would not support plaintiff’s claim.
"It is true that the literal language of a statute is not always controlling in the interpretation thereof, but this is a principle to be adopted with extreme caution and only where the plain intent and purpose of a statute would otherwise be defeated. The court may not limit or extend the scope of a statute as written unless literal construction of the statute would produce a result which the legislature plainly did not intend. The language of a statute is to be construed literally, where there is no reason why it should not be so interpreted. Where the wording of a statute is expressed in clear language and is not confusing or contradictory, it is the duty of the courts to enforce the law in accordance with the letter of the statute.” (56 NY Jur, Statutes, § 124.)
It is readily apparent that the Legislature by this and by a comparable statute pertaining to policemen intended to create a super workmen’s compensation type benefit for these two classes of employees. These people are called upon from time to time to face unusual physical danger. It is beneficial to the public that its fire and police departments attract career employees. In a competitive employment market, employees are attracted to jobs offering security. For those facing unusual physical danger, the benefits of ordinary workmen’s compensation are not attractive because payments under workmen’s compensation are a fraction of a workman’s earnings. The court believes that the Legislature did exactly what it set out to do. It guaranteed any person in covered employment a full annual wage not to be interrupted in any respect by an employment connected disability. The Legislature did not go beyond that for what the court believes to be very *75 obvious reasons. To go further would not only have been unwarranted but also unfair to those actively working.
The Administrative Code and the labor contract provide for leave time in case of the sickness of an employee or his close relatives and in case of death of a close relative. Those provisions fit into the over-all policy of providing security to a degree. The ordinary emergencies which the employees are likely to face will not result in a loss of income. By the same token, no such provision is necessary for an employee on the disabled list because he need not take time off from work for sickness or bereavement. He does not have to work at all. No such provision is necessary for an employee on the disabled list to take time off for rest and recuperation. He does not have to work at all. Additionally, the employee who is disabled and not working but collecting his full salary enjoys a further financial benefit since his salary is not taxable. To grant a person on the disabled list payment of money in lieu of the use of vacation and sick leave would discriminate against those employees actually working who did use vacation and sick leave.
The court concludes that the evidence in this case does not support the contention that any cause of action exists for compensation for the accumulation of sick and vacation time. Neither was there any merit in plaintiff’s contention that overtime credits had accrued in his favor.
Plaintiff is entitled to the actual cash value of any accumulation of sick leave and vacation credit earned prior to his disability. That can be computed easily from undisputed records. As to all other contentions, it is the decision of the court1 that judgment be for the defendant.