Hon. Howard F. Miller Acting Director of the Budget Division of the Budget
This is in response to your request for an opinion as to whether or not the State and its subdivisions are authorized to make payments to their employees on account of sickness and whether such payments conflict with the constitutional bar against gifts of money to individuals contained in N.Y. Constitution, Art. VII, § 8 and Art. VIII, § 1.
You state that the State has entered into an agreement with the Federal government pursuant to New York Retirement and Social Security Law and Federal law in order to provide the employees of this State and its subdivisions with social security coverage. Under such agreement both the State, as employer, and its employees are required to make payments to the Federal government in order to obtain social security coverage.
These payments are calculated as a percentage of the "wages" that the State pays to its employees. The term "wages" is defined for this purpose in 26 U.S.C. § 3121(a), and expressly excludes "the amount of any payment * * * on account of * * * sickness." The Social Security Administration has interpreted this statute to require that payments by a State to an employee must be made solely "on account of sickness" in order to qualify for exclusion from wages. The Social Security Administration further takes the position that the prohibition, contained in many state constitutions, against gifts to individuals prohibits payments solely "on account of sickness." It takes the position that in such states salary payments, or partial salary payments, to employees absent on account of illness are merely salary continuation "in spite of sickness".
It appears that in this State, at the present time, salary payments to State and local employees who are absent due to illness are salary continuation in "spite of sickness". The Legislature has authorized the granting of sick leave to State and local employees (Civil Service Law, § 6[1] [c], General Municipal Law, § 92). "Sick leave" is absence with pay necessitated by illness (4 NYCRR § 21.3). Generally, sick leave credits are earned by employees at a certain rate per pay period and such credits may be accumulated (4 NYCRR § 21.3). It appears that the Legislature intended that public employees be paid their regular salary in spite of the fact that they are absent. Consequently, the State and its subdivisions are only authorized to make salary continuation "in spite of sickness" and not "on account of sickness".
It has been held by the Courts of this State that sick leave as a condition of employment does not offend the constitutional bar against the gift of State money to individuals (Matter of Teachers Assn. (Bd. ofEd.), 34 A.D.2d 351 [2d Dept., 1970]; Syracuse Teachers Assn. v Bd. ofEd., 42 A.D.2d 73, 75 [4th Dept., 1973], aff'd. 35 N.Y.2d 743 [1974]). Of course, the Courts of this State have not been presented with the exact question of whether salary payments made solely on account of sickness (sick pay) would conflict with the constitutional bar against gifts of State money to individuals. However, in view of the reasoning expressed in the above-cited cases, it is my opinion that sick pay, if authorized by the Legislature, would not offend such constitutional bar. Consequently, the Legislature could, if it so desired, authorize the State and its localities to make payments "solely on account of sickness" (sick pay).
Therefore, I conclude that at the present time, the State and its subdivisions are not authorized by statute to make payments to employees "solely on account of sickness". However, I further conclude that such payments, if authorized by the Legislature, would not conflict with the constitutional bar against gifts of public money to individuals.