■ In the Matter of the Arbitration between KENNETH J. GADBOW, as Supervising Principal of the Oriskany Central School District, et al., Respondents, and AMERICAN ARBITRATION ASSOCIATION et al., Appellants.—Order unanimously reversed, with costs, and motion denied. Memorandum: The July 1, 1975 to June 30, 1978 agreement between the Oriskany Teachers Association and the Oriskany Central School District provided that teacher aides would be "made available within budgetary allocation." The agreement also provided for arbitration of disputes concerning alleged violations of the agreement and "any dispute with respect to its meaning or application." The teachers association sought arbitration of the board's refusal to hire teacher aides for the 1977-1978 year, asserting that the district was bound by the agreement to hire such aides. The district sought to stay arbitration pursuant to CPLR 7503 (subd [b]) on the ground that, according to the terms of the agreement, it was not obligated to hire teacher aides if there was no budgetary allocation made for that purpose. In considering the threshold issue of whether under a public employment contract there is a valid agreement to arbitrate, it is first necessary to determine whether arbitration claims with respect to the particular subject matter are authorized by the terms of the Taylor Law or are against public policy (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513-515; Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.], 37 NY2d 614). Here, the question to be submitted to the arbitrator concerns the interpretation of the phrase "are to be made available within budgetary allocation." The arbitrator's determination of that issue will not encroach upon any nondelegable responsibility of the plaintiff district (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 746; Matter of Board of Educ., v Yonkers Federation of Teachers, 40 NY2d 268; Syracuse Teachers Assn. v Board of Educ., 42 AD2d 73, affd 35 NY2d 743). Nor may it be said at this stage of the proceedings that any remedy fashioned by the arbitrator will violate public policy (see Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411). Therefore, the controversy is one which may be submitted to arbitration under the Taylor Law. The broad language of the arbitration clause, covering as it does alleged violations of the agreement and disputes with respect to its meaning or application is sufficiently express, direct and unequivocal to permit arbitration of the controversy (see Matter of South Colonie Cent. School Dist. v Longo, 43 NY2d 136). The parties agreed to commit issues of contract interpretation to arbitration. (Appeal from order of Onondaga Supreme Court—arbitration.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.

■ CHARLES J. MONTANA, Appellant, v ROBERT SMITH, Individually and as Secretary-Treasurer and Business Agent of International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local 264 and as President of Teamsters, Joint Council 46, et al., Respondents.—Order unanimously affirmed, with costs, on the opinion at Special Term, Kronenberg, J. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.