■ In the Matter of MICHAEL J. MASHNOUK, Respondent, v FREDERICK MILES, as Acting City Manager of the City of Newburgh, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to compel the City of Newburgh to recompute petitioner's retirement payments retroactive to January 1, 1980 to include regular salary increments to firefighters, the appeal is from a judgment of the Supreme Court, Orange County, dated August 28, 1980, which granted the petitioner's application. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Based upon the language of subdivisions 1, 2 and 3 of section 207-a of the General Municipal Law, along with the legislative history of the 1977 amendment to that section (see Governor's Memorandum upon approving L 1977, ch 965, NY Legis Ann, 1977, p 336; Bill No. 4764 in Assembly, dated Feb. 24, 1977; see, also, Bill No. 10709 in Assembly, dated March 25, 1980), we hold that the phrase "regular salary or wages" as employed in subdivision 2 of section 207-a of the General Municipal Law refers to a disabled fireman's salary as of the time of his retirement and should not reflect prospective salary increases of firemen. As such, petitioner is not entitled to the difference between his salary at the time of retirement and subsequent wage increases. Mangano, J.P., Cohalan, O'Connor and Weinstein, JJ., concur. [106 Misc 2d 147.]