■ In the Matter of ANDREW CHALACHAN et al., Appellants, v CITY OF BINGHAMTON et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered August 19, 1980 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondents to pay petitioners unused vacation pay. Petitioners were firemen employed by the respondent City of Binghamton who had become disabled as a result of injuries sustained in the performance of their duties, and thus were receiving their regular salary or wages pursuant to section 207-a of the General Municipal Law. Each of the petitioners either separated from service or was retired while in good standing during the year 1979. The city rejected their demands for payment of 1979 unused vacation time which claims were grounded upon the collective bargaining agreement between the city and its firemen, and not on any theory of statutory entitlement under section 207-a of the General Municipal Law. Petitioners commenced the instant article 78 proceeding which was dismissed by Special Term on the ground there was no contractual right to the payment demanded. This appeal ensued. It should be noted that petitioners' employee organization had previously commenced an article 78 proceeding seeking payment for 11 holidays which the collective bargaining agreement required be paid to each member of the fire department. Special Term held that disabled firemen were entitled to such payment in the absence of specific exclusionary contract provisions for disabled firemen with respect to holiday pay *(Matter of Binghamton Firefighters, Local 729, Int. Assn. of Firefighters v City of Binghamton,* Supreme Ct, Broome County, Dec. 30, 1980, Yesawich Jr., J.). A notice of appeal was filed in that case but the appeal has not yet been perfected. The sole issue is whether petitioners are entitled to vacation benefits under the collective bargaining agreement, or whether their status, specifically created by statute, limits them to the benefits provided in said statute. Section 207-a of the General Municipal Law was enacted as a matter of public policy, in the exercise of the police power, to protect firemen *(Cook v City of Binghamton,* 48 NY2d 323, 332). This law insured that firemen and policemen, union or nonunion, admittedly engaged in hazardous work, would receive full salary or wages and payment of medical expenses until they attained the age of mandatory retirement if they remained disabled. In several previous lawsuits, both disabled firemen and policemen have sought to enlarge the statutorily provided wages and medical expenses coverage to include fringe benefits available to actively employed firefighters pursuant to union contracts with municipalities throughout the State (see, e.g., *Matter of Germski v Department of Fire of City of Syracuse,* 78 Misc 2d 555, affd 49 AD2d 1013; *Matter of Binghamton Firefighters, Local 729, Int. Assn. of Firefighters v City of Binghamton, supra; Matter of Peck v Sartori,* Supreme Ct, Chemung County, Feb. 3, 1975, Yesawich, Jr., J.). It is well established that firemen remain employees of the municipality after disability status is awarded, and that such status

continues until retirement or separation *(Matter of Birmingham v Mirrington,* 284 App Div 721; *Matter of Devens v Gokey,* 18 Misc 2d 647, revd on other grounds 12 AD2d 135, affd 10 NY2d 898; *Matter of Robinson v Cole,* 193 Misc 717). Disabled firemen and policemen are also entitled to increments in salary paid to active firemen after their disability ensues *(Drahos v Village of Johnson City,* 80 AD2d 106; *Pease v Collucci,* 59 AD2d 233, 235; contra *Matter of Mashnouk v Miles,* 80 AD2d 855). Petitioners urge that Special Term erred in holding that they were not entitled to unused vacation pay under the collective bargaining agreement, their argument based on the *absence* of language specifically excluding their class from vacation benefits. The statute says nothing about vacations. This very question was decided in *Phaneuf v City of Plattsburgh* (84 Misc 2d 70, affd 50 AD2d 614, mot for lv to app dsmd 38 NY2d 1004). In the matter of *Phaneuf,* this court adopted Special Term's reasoning that the reference to "regular salary or wages" in section 207-a does not include vacation benefits since disabled firemen do not have to work at all, and to pay them for unused vacation time (and sick leave time) would discriminate against employees actually working. We find no reason to depart from the principle of *stare decisis* which, while it does not enjoin departure from precedent or preclude the overruling of earlier decisions, would have a court overturn its previous holdings "only where the principles announced prove unworkable or 'out of tune with the life about us, at variance with modern-day needs and with concepts of justice' " *(Matter of Simonson v Cahn,* 27 NY2d 1, 3). Precedents involving statutory interpretation are entitled to great stability *(People v Hobson,* 39 NY2d 479, 489; see, also, *Heyert v Orange & Rockland Utilities,* 17 NY2d 352, 360, 361; 1 Carmody-Wait 2d, NY Prac, pp 59-75). If every benefit provided active firefighters in the collective bargaining agreement was intended to include disabled firefighters covered by section 207-a of the General Municipal Law, the contract should contain language to so provide. Petitioners' contention that they are members of their union, *ergo,* entitled to each and every fringe benefit for which active firemen work daily, is without merit. They do not work to earn vacation pay. They already are paid 52 weeks each year and their construction of the agreement to give them pay for 56 weeks is rejected. Judgment affirmed, without costs. Kane, J.P., Main and Weiss, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in the following memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We recognize that disabled firemen, within the meaning of section 207-a of the General Municipal Law, have no statutory right to fringe benefits *(Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, affd 50 AD2d 614, mot for lv to app dsmd 38 NY2d 1004). However, we perceive fringe benefits, such as vacation and holiday pay, to be contractual in nature and, as such, they may be negotiated as part of a collective bargaining agreement. Nothing in section 207-a inhibits municipalities from entering into such an agreement. As the majority notes, petitioners, until their retirement, remain employees of the city. More importantly, they continue as members of the firefighters'-bargaining unit *(Matter of City of Binghamton v Newman,* 13 PERB, par 7005; *Matter of City of Binghamton,* 12 PERB, par 3089). Consequently, unless the bargaining agreement provides otherwise, they, even though they be disabled, are beneficiaries thereof. Examination of the agreement discloses that the parties mutually agreed that the term "firefighter" was to include *all members* of the bureau of fire except the fire chief. Being as comprehensive as it is, that phrase alone is sufficient to sustain petitioners' entitlement to the vacation benefits they seek. That the parties intended this to be the case is

underscored by article 9 of the bargaining agreement which provides each member of the fire bureau "except those permanently classified as 207-a" with a $315 uniform allowance for 1979. Had the parties intended to exclude disabled firemen from receiving vacation pay benefits, similar exclusive language surely would have been employed. It is the absence in the collective bargaining agreement of like language distinguishing between disabled and able-bodied firemen which makes *Phaneuf v City of Plattsburgh (supra)* inapplicable here. The suggestion that it is somehow unfair to active firemen to hold that disabled firemen continue to receive the same vacation benefits simply loses sight of the fact that firemen who are active today may be disabled tomorrow and, therefore, have an intense interest in the benefits provided disabled firemen. It also overlooks the observation, made during oral argument, that the city's past efforts to have section 207-a firemen treated differently from able-bodied firemen have been successfully resisted by the union at the bargaining table. Accordingly, we would reverse and grant the petition.