■ In the Matter of BINGHAMTON FIREFIGHTERS, LOCAL 729, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, et al., Respondents, v CITY OF BINGHAMTON et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Yesawich, Jr., J.), entered January 20, 1981 in Broome County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, and directed that petitioners be paid holiday pay pursuant to a collective bargaining agreement. The provisions of the collective bargaining agreement at issue herein are not substantially different from those at issue in the recent case of *Matter of Chalachan v City of Binghamton* (81 AD2d 973), which was decided by this court subsequent to Special Term's decision. The public policy considerations referred to in the *Chalachan* case apply equally here where the issue concerned holiday pay. Accordingly, under the familiar provisions of *stare decisis,* the judgment must be reversed and the petition dismissed. Judgment reversed, on the law, without costs, and petition dismissed. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.

■ STATE OF NEW YORK, Appellant, v WARD PAVEMENT, INC., Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 9, 1980 in Albany County, which denied plaintiff's motion for partial summary judgment. Plaintiff contends that, pursuant to a contractual obligation of defendant as general contractor for the reconstruction of a portion of highway, defendant must indemnify plaintiff for negligence causing injuries to a third person. (See *King v State of New York,* 56 AD2d 964, for a description of the accident at issue in this proceeding.) Defendant does not dispute such an obligation, even if plaintiff was actively negligent under some circumstances. However, defendant does contend that the negligence in this case occurred as to work items which were not covered by its contract with plaintiff. The present record does not conclusively establish that the accident herein was related to defendant's contractual obligation and, accordingly, the motion for summary judgment was properly rejected. Order affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.