Mr. Ernest Ellison Auditor General State of Florida Post Office Box 1735 Tallahassee, Florida 32302
Dear Mr. Ellison:
This is in response to your request for an opinion on substantially the following question:
 IS THE BOARD OF TRUSTEES OF A COMMUNITY COLLEGE AUTHORIZED TO PROVIDE THE USE OF A COLLEGE OWNED OR LEASED AUTOMOBILE TO AN EMPLOYEE OF THE COMMUNITY COLLEGE OTHER THAN THE PRESIDENT AS A "FRINGE BENEFIT" PURSUANT TO s 240.319(3)(n), F.S. (1982 Supp.)?
Section 240.319(3)(n), F.S. (1982 Supp.), provides, inter alia, that:
 Each board of trustees shall provide for the appointment, employment, and removal of personnel, including the president of the community college, and the compensation, including salaries and fringe benefits, and other conditions of employment for such personnel.
This statutory provision, originally enacted by Ch. 79-722, Laws of Florida, delegates to the boards of trustees of community college districts the power to provide for the employment of college personnel and the conditions of their employment and to fix the compensation, including "fringe benefits" of the employees or personnel of community colleges. Cf., s 240.335(1), F.S. (1982 Supp.), which states that employment of community college personnel shall be subject to the rules and regulations of the state board with regard to "remuneration, and such other conditions of employment . . . ." However, I am not aware of any rule of the State Board of Education governing and relative to fringe benefits for community college employees or personnel or limiting such benefits. Compare, Rule 6C-5.131, F.A.C., pertaining to the state university system, which defines the term "perquisites" and provides that it shall mean, in part, "those things, or the use thereof, or services of a kind which confer on the officers or employees receiving same some benefit that is in the nature of additional compensation, or which reduce to some extent the normal personal expenses of the officer or employee receiving the same, and shall include, but not be limited to, such things as . . . use of state-owned vehicles for other than state purposes . . ." (e.s.) and providing that no university employee shall receive any perquisite from the state university system without approval of the Department of Administration pursuant to Ch. 22K-4, F.A.C.; s 216.011(1)(f), F.S., similarly defining "perquisites" for the purposes of that chapter, and providing, in s 216.262(1)(e), F.S., that no perquisites shall be furnished by a state agency unless approved by the Division of Personnel, Department of Administration during each fiscal year and that whenever a state agency is to furnish those things defined as perquisites by s 216.011(1), F.S., the Department of Administration shall approve the kind and monetary value of such perquisites before the same may be furnished.
Section 240.319(3)(n), F.S. (1982 Supp.), does not define the term "fringe benefits" or establish or limit the scope thereof; neither does any other provision of Part III of Ch. 240, F.S., as amended, or the rules of the State Board of Education governing the community college system. It appears, therefore, that resolution of your question turns upon the scope of the term "fringe benefits" as used in the context of s 240.319(3)(n), F.S. (1982 Supp.), and whether furnishing the use of college owned or leased vehicles to college employees or personnel other than the president may properly fall within the purview of that term.
As it relates to the employment and compensation of the personnel of community colleges, the term "fringe benefits" is broad and comprehensive. The context in which it is used in s 240.319(3)(n), F.S. (1982 Supp.), does not qualify or restrict the term to particular kinds of benefits or things nor does this phrase appear to have any special or technical meaning or significance. See generally, 10 C.J.S. Benefit p. 338. A "fringe benefit" is defined as "[a]n employment benefit given in addition to one's wages or salary." The American Heritage Dictionary of the English Language 528 (1979). Webster's Third New International Dictionary 912 (1966), defines "fringe benefit" as "an employment benefit (as a pension, a paid holiday, or health insurance) granted by an employer that involves a money cost without affecting basic wage rates." For cases in other jurisdictions exemplifying several kinds or forms of "fringe benefits" in particular factual situations, see, J.H. Welsh Son Contracting Company v. Arizona State Tax Commission, 420 P.2d 970 (Ct.App. Ariz., 1967); Syracuse Teachers Association v. Board of Education, Syracuse City School District, Syracuse, 345 N.Y.S.2d 239 (App.Div., 1973); Hobbs v. Lewis, 159 F. Supp. 282 (D.D.C., 1958). Similarly, Webster's, supra, at 1685, defines the term "perquisite" as "a privilege, gain, or profit incidental to an employment in additional to regular salary or wages." And see, the Random House Dictionary of the English Language, Unabridged Edition, 1074 (1967), defining the term "perquisite" as used informally to mean "any bonus or fringe benefit granted an employee, as free use of a company car." See also, 70 C.J.S. Perquisite p. 685. Moreover, with respect to state agencies and employees, the Legislature has defined "Perquisites" to mean those things, or the use thereof, which confer on the employees receiving the same some benefit that is in the nature of additional compensation, including but not limited to such things as the use of state-owned vehicles for other than state purposes. Section 216.011(1)(f), F.S. Thus, "fringe benefits" and "perquisites" are both essentially defined as employment benefits or advantages or things incidental to employment and as or in the nature of additional compensation for employees beyond their fixed salary or wages. I am of the view therefore that those benefits and things, or the use thereof, denominated as "perquisites" in the foregoing dictionary and statutory definitions are also included within the broad meaning of "fringe benefits" as related to the employment and compensation of the employees of the community colleges as provided for in s 240.319(3)(n), F.S. (1982 Supp.). Within the purview of this statute, a fringe benefit for the employees of the community college is a benefit provided to such an employee in addition to or beyond his or her fixed or regular salary. The determination of the extent and nature of such employment benefits (or the necessity or desirability therefor) must be made by the community college district boards of trustees, since the Legislature delegated to such boards the power to provide for the employment and to fix the compensation, including salaries and fringe benefits, for the personnel of the community colleges. This office has no authority to make such legislative determinations, or to write any qualifications or limitations into the statute.
The term "fringe benefits" is used unqualifiedly in s 240.319(3)(n), F.S. (1982 Supp.), and is not limited to any particular kinds of employee benefits. The use by the Legislature of such a broad and comprehensive term indicates an intent to include everything embraced within the generality of the term. See, Florida State Racing Commission v. McLaughlin, 102 So.2d 574
(Fla. 1958); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida Industrial Commission v. Growers Equipment Company,12 So.2d 889 (Fla. 1943). See generally, 30 Fla. Jur. Statutes s 81. See also, 73 Am. Jur.2d Statutes s 199. Legislative intent is determined from the plain language of the statute and a statute is to be construed and applied in the form enacted, for the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. Thayer v. State, 335 So.2d 815 (Fla. 1976). Where the legislative intent in manifested by the language employed in a statute when considered in its ordinary and grammatical sense, ordinary rules of construction become unnecessary. See, Reino v. State, 352 So.2d 853 (Fla. 1977); Miami Bridge Company v. Railroad Commission, 20 So.2d 356 (Fla. 1944); Clark v. Kreidt, 199 So. 333
(Fla. 1940). Since no legislative intention to define or qualify or limit the extent of the term "fringe benefits" is apparent from the provisions of Part III of Ch. 240, F.S., I am of the opinion that the term should be interpreted broadly in its ordinary and grammatical sense and that furnishing the use of a college owned or leased vehicle to an employee of a community college falls within the facial purview of the term "fringe benefits" as used in s 240.319(3)(n), F.S. (1982 Supp.).
Therefore, it is my opinion until legislatively or judicially determined otherwise, that the board of trustees of a community college is authorized to provide the use of a college owned or leased automobile to an employee of the community college other than the president as a "fringe benefit" pursuant to s 240.319 (3)(n), F.S. (1982 Supp.).
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General