*558 OPINION OF THE COURT
John R. Tenney, J.
This is a CPLR article 78 proceeding to review a determination of the City of Watertown affecting vacation pay and sick pay benefits of certain police officers.
Petitioners were employed by the city as police officers. They have been on disability leave. General Municipal Law § 207-c provides that they are entitled to full salary during the disability period.
The city published a list which showed the accumulated sick leave and vacation time of each police officer. The first list gave credit for disability time. The list was then revised. All vacation and sick pay accrued during disability periods was deleted.
Petitioners seek to have this determination annulled. Respondent City of Watertown argues that it has no authority to give away public funds, and that its original computation was illegal.
Respondents contend that this procedure is improper because petitioners have failed to grieve their claim within the terms of their collective bargaining agreement.
"The public policy in New York as expressed by the Legislature in the 'Taylor Law’ is to encourage voluntary resolution of labor disputes involving public employees through forums such as arbitration” (Matter of Baran v Otterbein, 84 AD2d 928, 929; see also, Civil Service Law § 200). However, nonjudicial procedures for resolution of disputes are not mandatory. They must be provided for in the applicable collective bargaining agreement. Here the agreement does not define grievance or the type of dispute subject to mandatory grievance. Article 8, § 5 (a) of the agreement states: "Grievance Procedure as adopted by resolution of the City Council on September 30, 1983, shall be applicable to the handling of grievances under its conditions and terms as set forth in that resolution as modified by this Agreement in paragraph 'b’ of this Section.” The contractual modifications deal with the mechanics of determining a grievance, not with its scope, and are, therefore, irrelevant here.
The resolution defines "Grievance” as: "any claimed violation, misinterpretation or inequitable application of the existing laws, rules, procedures, regulations, administrative orders or work rules of the City Government or a department or agency thereof, which relate to or involve employee health or *559 equipment furnished to employees or supervision of employees; provided, however, that such term shall not include any matter involving an employee’s rate of compensation, retirement benefits, disciplinary proceeding or any matter which is otherwise reviewable pursuant to law.” (Emphasis supplied.) The issues in dispute here do not relate to employee health or safety, physical facilities, materials or equipment furnished to employees or supervision. Thus, respondents’ arguments have no merit. Since there is no mandatory grievance procedure, the matter may be reviewed in a CPLR article 78 proceeding.
Respondents contend that their actions are controlled by General Municipal Law § 207-c (1) which states, in part: "any member of a police force * * * shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability * * * cease[s]”. In construing the same language as applied to firemen (General Municipal Law § 207-a) the court in Phaneuf v City of Plattsburgh (84 Misc 2d 70, 73-75, affd 50 AD2d 614) stated:
"[T]he statute says nothing about vacations and sick leave * * *
"It is readily apparent that the Legislature * * * intended to create a super workmen’s compensation type benefit * * * It guaranteed any person in covered employment a full annual wage not to be interrupted in any respect by an employment connected disability. The Legislature did not go beyond that for what the court believes to be very obvious reasons * * *
"The court concludes that the evidence in this case does not support the contention that any cause of action exists for compensation for the accumulation of sick and vacation time. Neither was there any merit in plaintiff’s contention that overtime credits had accrued in his favor.”
Judge Harvey discussed further the strong public policy arguments opposing the crediting of fringe benefits to a person paid under a mandatory provision of the law. Police officers and firemen are "people called upon from time to time to face unusual physical danger” (84 Misc 2d, at p 74).
He observed that it was of special public interest to attract career employees which was what the Legislature intended. It established a policy to guarantee a "full annual wage not to be interrupted in any respect by an employment connected disability” (84 Misc 2d, at p 74).
Furthermore, Judge Harvey concluded by stating the philos *560 ophy of denying fringe benefit credits (84 Misc 2d, at p 75): "To grant a person on the disabled list payment of money in lieu of the use of vacation and sick leave would discriminate against those employees actually working who did use vacation and sick leave.”
The Legislature indicated no intention to include fringe benefits as an additional payment with respect to General Municipal Law § 207-c. (Matter of Geremski v Department of Fire of City of Syracuse, 78 Misc 2d 555.)
Although not material to this proceeding, a comment is necessary regarding the ability of the city to contract to pay fringe benefits to disabled police and fire personnel. In Syracuse Teacher’s Assn. v Board of Educ. (42 AD2d 73, affd 35 NY2d 743) the court recognized the prohibition against giving away public funds. (Matter of Mahon v Board of Educ., 171 NY 263; NY Const, art VIII, § 1.) However, it recognized the right to negotiate a provision to protect against the "financial loss which a prolonged illness may cause” (42 AD2d 73, 75, supra). It should be observed that General Municipal Law § 207-c is designed to prevent any financial loss because it guarantees full salary and payment of all medical expenses throughout the period of disability. Sick pay allowances and vacation pay provisions would appear to be gifts in violation of the New York State Constitution. In any event, such provisions in a contract would be a clear violation of the philosophy and obvious intent of section 207-c. (Phaneuf v City of Plattsburgh, supra.) The better practice would be to restrict the negotiation of such provisions until the Legislature has chosen to change its position. (Matter of Geremski v Department of Fire of City of Syracuse, supra, p 556.)
The petition is dismissed.