OPINION OF THE COURT
Harold J. Hughes, J.
The petition will be dismissed, without costs.
Petitioner seeks a judgment annulling a decision of the New York State Public Employment Relations Board (PERB) dated July 10, 1986, upon the grounds that the determination was made without jurisdiction and is arbitrary and capricious. The determination arises from the City of Schenectady’s attempt to adopt regulations governing the manner in which police officers apply for benefits under section 207-c of the General Municipal Law. Section 207-c provides that a policeman injured or taken ill in the performance of his duties is entitled to payment by his employer of all medical bills and full salary until the disability ends, or until the policeman is given an accidental disability retirement. The section permits the municipal employer to directly provide any necessary medical treatments and to have the policeman examined by its physicians. A policeman who refuses to accept medical treatment or submit to the medical examination is deemed to have waived his rights under the statute. Benefits terminate if a municipal physician certifies that the policeman is able to return to his regular duties. The statute permits a municipality to apply for an accidental disability pension on the officer’s behalf, if the officer refuses to do so, and to require the officer to perform light duties if in the municipality’s opinion the officer is not totally disabled. Finally, the municipality is given a cause of action against any third party who caused the officer’s injury or illness for recovery of all salary and medical bills paid by it.
On June 21, 1985 petitioner sent a letter to the Schenectady Patrolmen’s Benevolent Association (PBA), the police officers’ union, advising that the city intended to implement 12 pages of regulations governing the procedure whereby an officer could apply for section 207-c benefits. On July 23, 1985 the city’s attorney, Jospeh J. Buchyn, wrote to PBA’s counsel advising that:
"You have had available to you for more than a month a copy of uniform procedures which the City intends to imple *1090 ment by August 19, 1985. I will be available to meet with you and any union representatives between August 1 and 15 to negotiate any portions that we can agree are mandatory items for negotiations. If the matters are not resolved to our mutual satisfaction by the 15th, I would expect to continue negotiating our differences.
"It may well be that we will require the assistance of PERB to clarify the scope of negotiations.”
PBA’s counsel replied that the union viewed the proposed 207-c application procedure as a subject for contract negotiations. On August 19, 1985 the city unilaterally imposed the disability application procedures. The PBA filed an improper practice charge with PERB alleging that the city had an obligation to negotiate any change in the disability application procedure and had acted improperly in attempting to impose the change without collective bargaining. The city and PBA stipulated to the administrative record and on May 5, 1986 PERB’s Administrative Law Judge issued a decision finding that PERB had jurisdiction, and that while some of the provisions of the new procedure were authorized as management prerogatives, others went beyond the requirements of section 207-c and constituted terms and conditions of employment subject to mandatory negotiation under the Taylor Law. The Administrative Law Judge directed the city to rescind certain portions of its 207-c procedure, remove all reports improperly collected thereunder, and to negotiate the proposed new procedure with the union. The city appealed to the full Board, and by decision dated July 10, 1986 the Board affirmed the Administrative Law Judge.
In this proceeding petitioner contends that PERB lacked jurisdiction because claimants for section 207-c benefits are not public employees within the meaning of the Taylor Law and the provisions of the city’s disability procedures do not constitute terms and conditions of employment. The petition also charges arbitrary and capricious conduct in that the PERB decision is vague in that it does not specifically identify those items in the disability procedure which are subject to mandatory negotiation. The petition further asserts other legal infirmities that are raised for the first time in this court.
The only issue petitioner has reserved for review in this court is whether PERB had jurisdiction. The other objections that the city has to the order of the Administrative Law Judge were not raised in the appeal to the full Board. The law *1091 is settled, "that a petitioner may not raise new issues in a CPLR article 78 proceeding that were not raised in the administrative hearing under review” (Matter of Hennekens v State Tax Commn., 114 AD2d 599, 600; Matter of Klapak v Blum, 65 NY2d 670).
The issue of PERB’s jurisdiction turns on whether applicants for section 207-c benefits are public employees under the Taylor Law and if the procedures unilaterally imposed by the city constitute terms and conditions of employment. Article 14 of the Civil Service Law contains the Fair Employment Act, popularly known as the Taylor Law. Section 203 of the Civil Service Law gives public employees the right to "negotiate collectively with their public employers in the determination of their terms and conditions of employment, and the administration of grievances arising thereunder”. Section 205 establishes the Public Employment Relations Board and defines its duties. The courts have recognized that PERB is the agency charged with implementing the Taylor Law and has developed an expertise in the area of public employee-public employer relations (Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd., 48 NY2d 398). PERB’s interpretation of the Taylor Law’s provisions must be accepted by the court, if not irrational (Matter of City of Newburgh v Newman, 117 AD2d 965). Of course, PERB’s construction of statutes outside of the Taylor Law need not be accorded the same weight (Matter of Town of Mamaroneck PBA v New York State Pub. Employment Relations Bd., 66 NY2d 722). However, the determination of who is a public employee under the Taylor Law (Matter of State of New York v Public Employment Relations Bd., 103 AD2d 876) and what are the terms and conditions of public employment that are subject to mandatory negotiation (Matter of Town of Haverstraw v Newman, 75 AD2d 874; Skaneateles Teachers Assn. v New York State Pub. Employment Relations Bd., 88 Misc 2d 816, 822) are within PERB’s field of expertise. Accordingly, PERB’s decisions on such issues must be affirmed, if not irrational.
Petitioner’s first contention is that it is irrational to determine that a municipal police officer applying for benefits under section 207-c of the General Municipal Law is a public employee as that term is defined in subdivision (7) (a) of section 201 of the Civil Service Law. The statutory definition includes "any person holding a position by appointment or employment in the service of a public employer”, and thereafter goes on to exclude certain employees from the otherwise *1092 all-encompassing definition. A municipal policeman applying for disability pay is not one of the listed exceptions. It can hardly be deemed irrational to decide that a police officer employed by a municipal corporation is a public employee under the Taylor Law (see generally, Matter of Chalachan v City of Binghamton, 81 AD2d 973, affd 55 NY2d 989). Moreover, the city’s analysis of why police officers subject to its disability application procedure are not public employees does not withstand scrutiny. The heart of the city’s argument is set forth in paragraph 4 of the affidavit of Joseph Buchyn, dated August 11, 1986, in support of the petition, wherein it is stated: "The City submits * * * that public employees (public officers) who are disabled and qualified for the benefits of section 207-c are not 'public employees’ within the meaning of the Taylor Law during such disability period”.
The problem is that the police officers subject to the disability application procedure do not qualify for section 207-c benefits until they have gone through the entire application procedure and are determined to be disabled by the city’s Risk Manager. Until such time as an applying officer has completed the application procedure and has received a favorable response from the Risk Manager, he remains able and not yet qualified for the benefits of section 207-c. Therefore, under the city’s own rationale, such applying officers remain public employees within the meaning of the Taylor Law. Finally, it cannot be seriously argued that application procedures which extend well beyond the statutory language of section 207-c and could result in the loss of benefits thereunder if not followed are not terms and conditions of employment. While it has been judicially determined that a city may adopt procedures for the awarding of benefits under section 207-c of the General Municipal Law (Matter of Elliott v City of Binghamton, 94 AD2d 887, affd 61 NY2d 920), until this case the issue of whether such procedures are subject to mandatory collective bargaining under the Taylor Law remained open. PERB has held that some of the regulations this petitioner wants to impose are subject to mandatory negotiation. That determination is not irrational.