In the Matter of CITY OF SCHENECTADY, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, December 10, 1987

### APPEARANCES OF COUNSEL

*Buchyn, O'Hare & Werner (Joseph J. Buchyn* of counsel), for appellant.

*Martin L. Barr (Sandra M. Nathan* of counsel), for New York State Public Employment Relations Board, respondent.

*Grasso & Grasso (Jane K. Finin* of counsel), for City of Schenectady Patrolmen's Benevolent Association, respondent.

### OPINION OF THE COURT

KANE, J. P.

On October 1, 1985, respondent Schenectady Patrolmen's Benevolent Association (PBA) filed an improper practice charge with respondent Public Employment Relations Board (PERB). PBA alleged that petitioner had violated Civil Service Law § 209-a (1) (d) (the Taylor Law), by unilaterally implementing a procedure to be followed by police officers employed by petitioner when they applied for disability benefits under General Municipal Law § 207-c. PBA claimed that petitioner, prior to implementing the disability procedure, was required by statute to negotiate the matter with PBA.

At the ensuing hearing before an Administrative Law Judge (ALJ), the parties stipulated to the administrative record and did not present any testimony. After the stipulation, petitioner moved to dismiss the improper practice charge, claiming first that PERB did not have jurisdiction over the dispute because the police officers were not public employees within the meaning of the Taylor Law, and second that the disability procedure was not a mandatory subject of collective bargaining. The ALJ rejected petitioner's arguments and also implicitly denied its motion to dismiss in a decision which found that petitioner was guilty of the improper practice charge by failing to negotiate with PBA over the disability procedure.

Upon petitioner's filing of exceptions, PERB affirmed the ALJ's decision. Petitioner then commenced the instant CPLR article 78 proceeding which resulted in a judgment by Supreme Court confirming PERB's determination (135 Misc 2d 1088). Petitioner has appealed from Supreme Court's judgment.

■ We affirm. As a preliminary matter, respondents claim that several of petitioner's arguments have not been properly raised on this appeal. PBA contends that petitioner's argument respecting PERB's lack of jurisdiction was not properly raised before the ALJ because it was made as part of petitioner's motion to dismiss, which was made after the close of the administrative record. Although PERB's regulations do not provide for the type of motion made by petitioner, they also do not specifically prohibit such a motion (see, 4 NYCRR part 204). Additionally, a motion to dismiss for lack of subject matter jurisdiction made under CPLR 3211 (a) (2) addresses a nonwaivable objection that can be made at any time (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:58, at 62). Petitioner's claim that police officers applying for disability benefits under General Municipal Law § 207-c are not public employees presents a question of subject matter jurisdiction. Therefore, petitioner did not waive this claim. PBA's claim of prejudice in this regard is also unsupported by the record, since the ALJ afforded the parties an opportunity to submit posthearing briefs on the issues raised by the motion to dismiss.

■ Next, PBA contends that petitioner's argument respecting the negotiability of the disability procedure is not properly before this court because petitioner failed to specifically except to the ALJ's ruling on this matter. With this contention we agree. Although the ALJ's decision ruled that the disability

procedure was a subject for mandatory collective bargaining between petitioner and PBA, petitioner failed to object to this ruling in its exceptions to PERB, and PERB did not address this issue in its determination. Accordingly, this issue may not be reviewed by this court (see, Matter of Klapak v Blum, 65 NY2d 670, 672; Matter of Yonkers Gardens Co. v State of N. Y. Div. of Hous. & Community Renewal, 51 NY2d 966, 967).

Turning to the merits of petitioner's appeal, it contends that police officers applying for benefits under General Municipal Law § 207-c are not public employees within the meaning of the Taylor Law and therefore PERB lacked jurisdiction over this case. General Municipal Law § 207-c provides that a police officer injured or taken ill in the performance of duties is entitled to payment by an employer of all medical bills and full salary until the disability ends or until the officer is given an accidental disability retirement allowance. Additionally, a public employee is defined as a "person holding a position by appointment or employment in the service of a public employer" (Civil Service Law § 201 [7] [a]). Petitioner argues that General Municipal Law § 207-c establishes a statutory relationship which replaces the public employment relationship that exists normally under Civil Service Law § 201 (7) (a).

To support its argument, petitioner relies primarily on Phaneuf v City of Plattsburgh (84 Misc 2d 70, affd 50 AD2d 614, lv dismissed 38 NY2d 1004) and Matter of Chalachan v City of Binghamton (81 AD2d 973, affd 55 NY2d 989).* In both Phaneuf and Chalachan, the disabled employees, who were firefighters, were denied fringe benefits. However, in both those cases, the employees were simply found not to have negotiated for such benefits. No statutory prohibition to contracting for these benefits was found (see, Matter of Mashnouk v Miles, 55 NY2d 80). Furthermore, this court in Chalachan specifically stated that: "It is well established that firemen remain employees of the municipality after disability status is awarded, and that such status continues until retirement or separation" (Matter of Chalachan v City of Binghamton, supra, at 973-974). Given the foregoing, the conclusion by the ALJ and PERB, that a police officer applying for disability benefits continues to be a public employee under the Taylor

---

* Both of these cases involved firefighters. General Municipal Law § 207-a provides the same benefits to firefighters as General Municipal Law § 207-c does to police officers. Therefore, decisions involving firefighters can be analogized to the facts of the instant case.

Law, is not arbitrary or capricious, nor can it be said to have been unreasonable *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd.,* 48 NY2d 398, 404).

CASEY, WEISS, MIKOLL and HARVEY, JJ., concur.

Judgment affirmed, without costs.