■ STATE OF NEW YORK, Appellant, v HARTFORD ACCIDENT & INDEMNITY CO., INC., et al., Respondents.

In May 1978 the defendant Hendrickson Brothers, Inc. (hereinafter Hendrickson) contracted with the New York State Department of Transportation to perform certain construction work as part of the plaintiff's Long Island Expressway renovation project. Pursuant to the agreement, the plaintiff was named the beneficiary of a liability policy issued by the defendant the Hartford Accident & Indemnity Co. (hereinafter Hartford). The construction contract provides that the plaintiff shall be indemnified with regard to "work under this contract during its prosecution". The policy provided, *inter alia,* that Hartford would indemnify the plaintiff for liability it may incur from claims relating to work performed by Hendrickson on the construction project.

On or about June 10, 1979, a car driven by Scott Gildea, in which Lynn Gildea was a passenger, was involved in an accident on the Long Island Expressway. The Gildea vehicle went off the road and struck a sign stanchion. Both occupants filed claims against the plaintiff. Following a trial in the Court of Claims on liability, the court found the plaintiff liable for the claimants' injuries, holding that "the absence of the guardrail was a proximate cause of claimants' injuries". Hartford disclaimed and refused to indemnify the plaintiff on the ground that the guardrail's condition was not within the work performed by Hendrickson within the terms of the construction contract.

The plaintiff brought the instant action for declaratory relief contending that the guardrail involved was part of Hendrickson's work under the contract and, therefore, the plaintiff was entitled to be indemnified under the terms of the policy. The Supreme Court denied the plaintiff's motion for summary judgment, holding that "defendants have raised a material issue of fact as to whether or not the subject accident resulted from the work performed pursuant to the parties' contract." We agree.

On a motion for summary judgment the movant must establish its cause of action sufficiently to warrant judgment as a matter of law in its favor *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). The failure to make such a showing will result in the motion being denied, irrespective of the sufficiency of the opposing evidentiary proof *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Fox v Wyeth Labs.,* 129 AD2d 611; *State of New York v Ward Pavement,* 85 AD2d 836).

In the instant case, the plaintiff established that certain guardrail work was part of Hendrickson's obligations under the construction contract. However, the evidence submitted failed to establish, as a matter of law, either that (1) the contract and policy were broad enough to require coverage by the defendant with regard to the guardrail in question, irrespective of whether any work on the guardrail was actually done by Hendrickson, or (2) Hendrickson actually performed any work on the guardrail involved in the underlying accident.

Moreover, we note that the Court of Claims, in its decision in the underlying action stated the following: "Although the roadwork called for the removal of the guardrails, there was no evidence indicating whether that portion of the contract

was completed prior to the accident herein. We therefore cannot conclude that the State removed the guardrails."

Further, in the trial of the underlying action there was evidence adduced that 2½ months prior to the Gildea accident a motorist collided with the guardrail at issue. In addition, in an examination before trial in the Gildea action, one Gerhard Wrieske, a Hendrickson job superintendent, testified that while the contract did encompass guardrail work, no such work had yet been performed by Hendrickson prior to the accident. Accordingly, material questions of fact and mixed questions of law and fact exist concerning the scope of Hendrickson's duty under the contract, the nature of the work done prior to the underlying automobile accident and the intention of the parties with regard to coverage in this situation. Thus summary judgment was properly denied (see, Friends of Animals v Associated Fur Mfrs., supra; MTB Computer Corp. v Chase Manhattan Bank, 135 AD2d 616; cf., Four Seasons Hotels v Vinnik, 127 AD2d 310, 316-317). Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.