■ In the Matter of JOSEPH W. ESWORTHY, as City Judge of the City of Binghamton.— Application to destroy, sell or otherwise dispose of certain court records of the City Court of the City of Binghamton, as specified in the petition, granted. Application to destroy, sell or otherwise dispose of court records on a continuing basis denied.

■ In the Matter of JAMES R. WORLEY, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— Motion by the United Federation of Teachers for permission to file and serve a brief *amicus curiæ* granted.

■ In the Matter of the Final Accounting of MAXINE BEEMAN et al., as Administrators of the Estate of ANNA M. UTTER, Deceased, Appellants. JOE SHAPIRA, as Attorney for DAVID B. UTTER, SR., Respondent.— Motion to amend notice of appeal, dated May 10, 1960, to show the filing date of March 3, 1960 for the order dated January 4, 1960, and signed March 3, 1960; and the filing date of April 11, 1960 for the order dated January 18, 1960 and signed April 11, 1960, granted.

■ In the Matter of the Claim of NORMAN MARABLE, Respondent, v. W. E. CALLAHAN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Motion to dismiss appeal adjourned to March 13, 1961.

■ In the Matter of LEO E. SWEENEY, Appellant, v. EDWARD J. DONOVAN, Formerly Commissioner of Correction of the State of New York, et al., Respondents.— Appeal from an order of a Special Term, Supreme Court, Clinton County. Petitioner was employed as an attendant at Dannemora State Hospital and was discharged from employment. In this proceeding he was ordered restored to his position with pay from December 31, 1952 to February 15, 1956, giving credit for amounts earned in other employment. Thereafter he applied in the proceeding for a further order directing the respondents to allow him credit for the " pass time and vacation credits which have accrued " during the period for which back pay was directed. This application was denied at Special Term and petitioner appeals. The motion was correctly decided. Petitioner has been paid the full salary of the position during the entire period of suspension. Section 23 of the Civil Service Law (as it read in 1956) provided that on restoration to a position the employee is entitled to " the same compensation " (L. 1935, ch. 734) he would have received, and this is what petitioner has been allowed. Subdivision 2 of section 41-a of the Civil Service Law (as it then read) provided that an employee whose hours were limited to 48 hours a week and who was not " allowed time off " (L. 1952, ch. 314) would have increased pay or be given equivalent time. But petitioner does not show he was not " allowed time off " during the period in question and does not bring himself within that subdivision. The right of compensation during a period of suspension from a position to which an employee is restored rests on statute (Civil Service Law, § 23), but no statute requires a vacation allowance for a period in which the employee does not work but for which a salary is directed to be paid by judicial determination. Petitioner fails to demonstrate any right to vacation or overtime payment. Order unanimously affirmed, without costs.