OPINION OF THE COURT

Per Curiam.

Order, entered March 7, 1977 (Okin, J.j, reversed, with $10 costs, defendant’s motion for accelerated judgment granted and plaintiff’s application for summary judgment denied.
After reinstatement to the police force, plaintiff initiated *1083 this action to recover, inter alia, vacation pay and personal leave pay for the period of his suspension. Upon his return to the force, plaintiff had been paid the entire salary he would have received had he worked for the entire period of his suspension.
Although the court below, in denying defendant’s motion for summary judgment and granting plaintiff summary judgment, concluded that the plaintiff was entitled to a cash equivalency payment for vacation days and personal leave days claimed by plaintiff to have been lost during the period of his suspension, that conclusion is not supported by any contract between the parties, statutory authority, or case law.
Subdivision 3 of section 75 and section 77 of the Civil Service Law and section 434a-20 of the Administrative Code of the City of New York, relied upon by the court below, speak in terms of full pay, salary or compensation to be paid a reinstated employee, not of additional payment for vacation or personal leave claimed to have been lost during suspension; and none of these provisions suggest entitlement to a cash equivalent for such vacation days or personal leave days (see, also, Sweeney v Donovan, 12 AD2d 864). Nor do the terms of the collective bargaining agreement, relied on by the court below, authorize a cash equivalency payment to the plaintiff for vacation days and personal leave days claimed to have been lost during a period of suspension.
In the absence of authority for the payment of vacation pay and personal leave pay to the plaintiff, the defendant is entitled to summary judgment.
Concur: Dudley, P. J., Hughes and Gellinoff, JJ.