*993 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner argues in his brief in this court that as a veteran he was protected by section 75 (subd 1, pars [a], [b]) of the Civil Service Law from termination of his position without a hearing. Although his brief in this court makes that argument it was not advanced in either court below and the récord contains nothing to establish that he is in fact a veteran.
His claim that section 73 is unconstitutional because it permits termination without a hearing of an employee "continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability” is likewise without merit. As we have held in Matter of Economico v Village of Pelham (50 NY2d 120, 128), only when there is "some factual dispute impacting upon the employer’s right to discharge” is a hearing required by that section and that hearing may, in the absence of demonstrated serious hardship, be held posttermination. Here no hardship was demonstrated and by the many written statements by petitioner and his physicians filed with the department petitioner has obviated any question that he was continuously disabled for the requisite period.
Nor is there any merit to petitioner’s claim that he was entitled to be reinstated on June 6, 1978 rather than August 1, 1978. His right to reinstatement depended under section 73 on his making application for a medical examination by a doctor selected by the department, a fact which the department called to his attention in its termination letter. He contends that he did so by letters dated January 28, 1978 and May 22, 1978. However, the first assumed his right to continued sick leave, was written prior to his termination and spoke generally of "whatever administrative and other arrangements as are necessary” and the second simply stated that he would make himself available for examination by a department doctor on the afternoon of June 6, 1978 and would not be available before then. Neither was an application sufficient to require reinstatement on June 6, 1978. The statute did not give petitioner the right to fix the date of the examination and he has not shown what caused the department’s failure to reinstate him prior to August 1, 1978 or whether or when he was in fact examined by a department doctor.
*994 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.