*990
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Petitioners, formerly firemen employed by respondent City of Binghamton, became disabled as a result of injuries sustained in the performance of their duties and thus were receiving their regular salary or wages pursuant to section 207-a. of the General Municipal Law. They commenced the instant article 78 proceeding when the city rejected their demands for payment of 1979 unused vacation time, which claims were grounded upon the collective bargaining agreement between the city and its firemen and not on any theory of statutory entitlement under section 207-a.
 

 The collective bargaining agreement in question is entirely silent regarding the status of disabled firemen as employees of the city. Their continued status as employees even after disability has occurred is strictly a matter of statutory right. The collective bargaining agreement should not therefore be construed to implicitly expand whatever compensation rights are provided petitioners under the statute. Any additional benefits must be expressly provided for in the agreement, and petitioners’ argument that they are entitled to unused vacation benefits by reason of the absence of language specifically excluding their class from vacation benefits is thus without merit.
 

 Although petitioners make no claim that unused vacation benefits are a matter of statutory entitlement, we note in passing that the argument would be unavailing in any event. The rights provided under section 207-a are expressly limited to “regular salary or wages”. Nor would it be appropriate to imply a right to vacation benefits under section 207-a since disabled firemen do not have to work at all, and to pay them for unused vacation time would unfairly discriminate against employees actually working (see
 
 Phaneuf v City of Plattsburgh,
 
 84 Misc 2d 70, affd 50 AD2d 614, mot for lv to app dsmd 38 NY2d 1004).
 

 
 *991
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.