In the Matter of the Arbitration between COUNTY OF SCHENEC-
TADY et al., Respondents, and MAUREEN KELLEHER et al.,
Appellants.

Third Department, January 14, 1988

**APPEARANCES OF COUNSEL**

*Grasso & Grasso (Jane K. Finin* of counsel), for appellants.

*Thomas B. Hayner,* County Attorney *(Robert A. DePaula* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether a dispute concerning the continuation of health and dental insurance benefits for certain employees of petitioner County of Schenectady who are disabled and receiving salary and medical expenses under General Municipal Law § 207-c is a proper subject of arbitration under the grievance provisions of the parties' collective bargaining agreement. Grievance is defined in the agreement as "any claimed violation, misinterpretation or inequitable application of any existing laws, rules, regulations or policies which relate to or involve the person in the exercise of the duties assigned to him and any violation of contract language". When the county canceled medical and dental insurance benefits for respondents Maureen Kelleher and Robert C. Claydon, two correction officers employed by petitioner Sheriff of Schenectady County and who were certified as disabled from work and, therefore, eligible for full salary and medical expenses related to the disability, the two employees and their union, respondent Schenectady County Sheriff's Benevolent Association (hereinafter the union), filed a grievance claiming that the county's refusal to continue the employees' health and dental insurance benefits violated certain sections of the collective bargaining agreement. The grievance was denied and the union demanded arbitration. Petitioners sought, *inter alia,* to stay arbitration, claiming that, pursuant to General Municipal Law § 207-c, the county is precluded from providing fringe benefits to disabled employees. Supreme Court granted petitioners' application and this appeal ensued.

In light of the court's limited role in reviewing applications to stay arbitration *(Matter of Enlarged City School Dist. [Troy Teachers Assn.],* 69 NY2d 905, 906), we conclude that Supreme Court erred in granting the application herein. Supreme Court determined that since the collective bargaining agreement contained no express provision granting continued fringe benefits to disabled employees who were receiving salary and medical expenses under General Municipal Law § 207-c, the arbitrator would be precluded from awarding such benefits. In so doing, however, Supreme Court improperly interpreted the substantive provisions of the collective bargaining agreement

and determined the merits of the dispute *(see, Board of Educ. v Barni,* 51 NY2d 894, 895-896). "To justify preemptive judicial intervention in the arbitration process, public policy considerations embodied in decisional law or statutes must 'prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " *(Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra,* at 906, quoting *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631).

We find no public policy considerations which would prohibit, "in an absolute sense", an arbitrator from deciding whether the collective bargaining agreement herein grants fringe benefits to disabled employees receiving salary and medical expenses under General Municipal Law § 207-c. In *Matter of Chalachan v City of Binghamton* (55 NY2d 989), the Court of Appeals concluded that disabled employees were not entitled to fringe benefits under General Municipal Law § 207-c, and found that the collective bargaining agreement at issue in that case did not entitle the disabled employees to fringe benefits since there was no express provision for such benefits. The *Chalachan* decision is not based upon any public policy considerations or absolute prohibition of fringe benefits for disabled employees receiving salary and medical expenses under General Municipal Law § 207-c. Rather, it is based upon the general principle that any entitlement to such benefits must flow from the language of the collective bargaining agreement, not from General Municipal Law § 207-c. There is nothing in the *Chalachan* decision which would prohibit, "in an absolute sense", an arbitrator from finding that the language of the particular collective bargaining agreement at issue herein grants the continued fringe benefits sought by the disabled employees. We conclude, therefore, that this issue can be the subject of arbitration under the provisions of a collective bargaining agreement *(see, Matter of Plattsburgh Policemen's Benevolent Assn. [City of Plattsburgh],* 100 AD2d 714).

Petitioners also argue that since there is no express provision for the claimed fringe benefits in the collective bargaining agreement, the refusal to provide the benefits does not constitute a violation of the agreement and, therefore, cannot be the subject of a grievance under the terms of the agreement. We rejected a similar argument in *Matter of Corinth Cent. School Dist. (Corinth Teachers Assn.)* (77 AD2d 366, 368, *lv denied* 53 NY2d 602), and we reach the same conclusion

here. The grievance herein claims that certain sections of the collective bargaining agreement were violated, and a claimed violation of the agreement is a proper subject of the grievance procedure, including arbitration, pursuant to the clear wording of the agreement. Whether there has, in fact, been a violation of any provision of the agreement involves an interpretation of the substantive conditions of the contract and a determination of the merits of the dispute, which is not the court's function upon an application to stay arbitration *(see, Board of Educ. v Barni,* 51 NY2d 894, 895-896, *supra).* Accordingly, the order should be reversed, the petition dismissed and respondents' cross petition to compel arbitration should be granted.

KANE, J. P., YESAWICH, JR., and LEVINE, JJ., concur.

Order reversed, on the law, with costs, petition dismissed and cross petition to compel arbitration granted.