■ THOMAS BENSON, on Behalf of Himself and All Other Employees of the Nassau County Sheriff's Department Similarly Situated, et al., Respondents, v COUNTY OF NASSAU, Appellant.—In an action for a judgment declaring that the plaintiff Thomas Benson and those similarly situated are entitled to night-shift differential payments while disabled, and to recover retroactive shift differential payments, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered March 25, 1987, which granted the plaintiffs' cross motion for summary judgment, denied the defendant's motion for summary judgment, and awarded Thomas Benson night-shift differential pay while disabled, retroactive to the date of his injury.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the cross motion is denied, the motion is granted, and it is declared that the plaintiff Thomas Benson and those similarly situated cannot recover night-shift differential payments while disabled.

On June 14, 1985, the plaintiff Thomas Benson sustained an injury while working as a correction officer at the Nassau County Correctional Center which rendered him unable to work. Benson alleges that at the time of his injury, he was working rotating "around the clock" tours of duty which consisted of regular day shifts and shifts for which he received a night differential.

As of August 25, 1986, Benson began receiving his salary at the rate of his annual base salary without any increment for night-shift differential payments. The county asserts that this payment was in accordance with the provisions of General Municipal Law § 207-c. Benson alleges, however, that he actually received the night-shift pay differential after his alleged injury until sometime in or near September, at which time he was placed on "Reserve Platoon" pursuant to Warden's Order No. 10-80 which provides that all correctional personnel on

sick leave or "OJI" (on the job injury) for 30 days will be transferred to a reserve category in which there is a working regimen of Monday through Friday between the hours of 9:00 A.M. to 5:00 P.M.

As a result, this action was commenced alleging, *inter alia,* that Benson was improperly denied benefits pursuant to General Municipal Law § 207-c by being deprived of night-shift differential payments as provided for in the collective bargaining agreement between the County of Nassau and the Civil Service Employees Association (hereinafter CSEA). The Supreme Court held that Benson is entitled to night-shift differential pay within the purview of the governing statute. We disagree.

The pertinent portion of General Municipal Law § 207-c (1) reads as follows: "Any sheriff, undersheriff, deputy sheriff or corrections officer of the sheriff's department of any county * * * or any member of a police force of any county * * * who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment *shall be paid * * * the full amount of his regular salary or wages until his disability arising therefrom has ceased"* (emphasis supplied). Hence, the issue before this court is whether shift differential payments fall under the heading of "regular salary or wages" as provided by General Municipal Law § 207-c. We find they do not.

The Court of Appeals recently held that the words "regular salary or wages" as contained in General Municipal Law § 207-a (2), an identical statute pertaining to firefighters from which General Municipal Law § 207-c was fashioned *(see, Matter of Mashnouk v Miles,* 55 NY2d 80), did not encompass unused vacation benefits which accrued after absence due to disability *(Matter of Chalachan v City of Binghamton,* 55 NY2d 989). The court held that since the collective bargaining agreement was silent regarding the status of disabled firefighters as city employees, the disability rights were strictly a matter of statutory right. As such, "[t]he collective bargaining agreement should not therefore be construed to explicitly expand whatever compensation rights are provided * * * under the statute" *(Matter of Chalachan v City of Binghamton, supra,* at 990). The court went on to hold that vacation benefits could not be considered "regular salary or wages" under General Municipal Law § 207-a (2) "since disabled firemen do not have to work at all, and to pay them for unused vacation time would unfairly discriminate against employees

actually working" *(Matter of Chalachan v City of Binghamton, supra,* at 990).

We note a line of cases which follow the rationale illustrated above and specifically limit the meaning of the phrase "regular salary or wages" in General Municipal Law §§ 207-a and 207-c to "base salary". In this regard, vacation and sick leave accrued while on disability leave were held to be not within the purview of either General Municipal Law § 207-a or § 207-c *(Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, *affd* 50 AD2d 614, *lv dismissed* 38 NY2d 1004), nor are fringe benefits *(Matter of Geremski v Department of Fire,* 78 Misc 2d 555), overtime (33 Opns St Comp, 1977, at 71), paid holidays (34 Opns St Comp 1978, at 170), or uniform allowances (1982 Opns St Comp No. 82-352) within the purview of those sections.

Upon a review of the record, we find the issue at bar falls within this rationale. There is no indication in the record of any provision in the collective bargaining agreement which provides for shift differential payments during disability. To the contrary, the agreement contains a provision for shift differential payment for those hours "actually worked" on evening and night shifts, and we see no reason to ignore this provision. Furthermore, we find that payment of a shift differential to disabled public employees covered by General Municipal Law § 207-c would unfairly discriminate against those persons actually working the undesirable shifts and suffering the inconvenience inherent in working evening hours *(see also, Phaneuf v City of Plattsburgh, supra).*

Accordingly, the defendant's motion for summary judgment is granted, and it is declared that the plaintiff Benson, as a disabled correction officer, and those similarly situated, cannot recover night-shift differential payments in addition to "regular salary or wages" while disabled. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.