■ In the Matter of WILLIAM S. CAMPBELL, Respondent, v ROBERT R. KILEY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority dated November 14, 1986, which denied the petitioner back pay including so-called night differential pay, Robert R. Kiley, David L. Gunn and the New York City Transit Authority appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Krausman, J.), dated July 5, 1988, as is in favor of the petitioner and against the New York City Transit Authority for night differential pay in the principal sum of $5,074.68.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the part of the proceeding requesting night differential pay is dismissed.

Contrary to the holding of the Supreme Court, the petitioner was not entitled to recover night differential pay during the period that he was wrongfully dismissed from his employment (see, Civil Service Law § 76 [3]; Alongi v City of New York, 92 Misc 2d 1082; cf., Benson v County of Nassau, 137 AD2d 642). There is no indication in the record of any provision in the collective bargaining agreement which provides for night differential pay during a period of wrongful dismissal. To the contrary, the agreement provides that if charges which are preferred against an employee are not sustained the employee will be paid at his/her regular rate of pay for the time lost by reason of such charges and that night differential pay be paid only "for hours worked" after 6:00 P.M. (see, Alongi v City of New York, supra; cf., Benson v County of Nassau, supra). Accordingly, the petitioner is not entitled to receive night differential pay for the period of his wrongful dismissal. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.