■ In the Matter of the Arbitration between COUNTY OF SCHENECTADY et al., Respondents, and PAUL LAINHART et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court (Doran, J.), entered May 15, 1990 in Schenectady County, which, *inter alia,* granted petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent Paul Lainhart was hired by petitioners as a correction officer at the Schenectady County Jail on October 27, 1988, subject to a one-year probationary term. In August 1989, Lainhart was fired for an alleged rules violation but subsequently reinstated after he protested the employer's action. On October 18, 1989, Lainhart was again notified of his termination, effective October 26, 1989. Soon thereafter, respondent Schenectady County Sheriff's Benevolent Association (hereinafter the union) filed a grievance pursuant to the terms of its contract with petitioners alleging that Lainhart's discharge violated State and County civil service law and regulations and was in retaliation for his earlier protest. After the preliminary grievance procedures of the collective bargaining agreement failed to resolve the dispute, the union demanded arbitration. Petitioners moved to stay the arbitration pursuant to CPLR 7503 (c), alleging that neither probationary nor terminated employees could invoke the contractual grievance procedures. Respondents thereafter cross-moved to compel

---

arbitration, contending that any dispute as to the coverage of the contract's "just cause" termination provisions was a matter for the arbitrator under the contract's arbitration clause. Supreme Court granted the stay, finding that Lainhart's probationary status meant that Lainhart "is not a[n] * * * 'employee' within the meaning of that term" as defined by the contract. This appeal by respondents followed.

There should be a reversal. Under the express language of the present contract, the parties agreed that arbitrable grievances included those related to "any claimed violation, misinterpretation or inequitable application [by petitioners] of any existing laws, rules, regulations or policies * * * [or] any violation of contract language". This arbitration provision is at least as broad as that at issue in *Matter of Franklin Cent. School (Franklin Teachers Assn.)* (51 NY2d 348, 355-356). There, the Court of Appeals held that (1) the parties to a public employee collective bargaining agreement may validly agree to confer contractual job security "just cause" rights upon probationary employees, and (2) under a broad contract grievance/arbitration clause, any dispute over whether the contract confers such rights is arbitrable and it is the arbitrator's province to interpret the contract language in that regard. Thus, inasmuch as the agreement here expressly reserved disputes over contract interpretation for arbitration, Supreme Court erred in staying arbitration based upon its interpretation excluding probationary employees from the job security rights of "employees" under the agreement.

Petitioners' alternative claim that Lainhart's termination extinguished his right to use the grievance procedure or have the union represent him is also without merit. "An employer cannot extinguish an employee's rights under a collective bargaining agreement by simply terminating the employment" *(Baker v Board of Educ.,* 70 NY2d 314, 323). Finally, we reject petitioners' contention that the expiration of the contract in December 1988, prior to Lainhart's termination, rendered the arbitration clause unenforceable. Civil Service Law § 209-a (1) (e) mandates the continuance of "all the terms of an expired agreement until a new agreement is negotiated", including arbitration provisions *(see, Matter of Board of Trustees [Maplewood Teachers' Assn.],* 57 NY2d 1025). The decision in *Litton Fin. Print. Div. v National Labor Relations Bd.* (501 US —, 111 S Ct 2215), relied upon by petitioners, is therefore inapposite because it construes the National Labor Relations Act which does not contain a provision analogous to Civil Service Law § 209-a (1) (e).

Mahoney, P. J., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, petition dismissed and cross motion to compel arbitration granted.