■ In the Matter of the Arbitration between COUNTY OF COLUMBIA et al., Appellants, and COLUMBIA COUNTY DEPUTY SHERIFF'S BENEVOLENT ASSOCIATION et al., Respondents.— Weiss, P. J. Appeal from an order and judgment of the Supreme Court (Connor, J.), entered July 24, 1991 in Columbia County, which denied petitioners' application pursuant to CPLR 7503 to stay arbitration between the parties.

In this CPLR article 75 proceeding, petitioners seek to stay arbitration demanded by respondents following petitioners' denial of a grievance filed by respondent Gerald J. Yannacone pursuant to the collective bargaining agreement which covered all full-time Deputy Sheriffs employed by petitioners. Yannacone had been employed as a Deputy Sheriff Jailer from 1978 to 1982 and as a Deputy Sheriff Road Patrol from 1982 to 1987. He claims that he accepted a temporary assignment as a Communications Officer on January 1, 1988. One month later, in February 1988, Yannacone sought reassignment back

to his former position of Deputy Sheriff Road Patrol. On July 31, 1990, Yannacone was advised that he had not been considered for the position because he did not qualify under the Civil Service Law. In his grievance, Yannacone sought reassignment to the higher paid position of Deputy Sheriff Road Patrol together with the accumulated differential in salary. In denying the grievance, petitioners asserted that the collective bargaining agreement only grandfathered him into the position which he held on January 1, 1988, the effective date of the agreement, that being Communications Officer. Following respondents' demand for arbitration, petitioners moved for a stay (CPLR 7503 [b]) on the ground that the dispute was not arbitrable. Supreme Court denied the petition as premature because the petition presumed that the arbitrator would sustain the grievance.

On this appeal, petitioners initially contend that since appointment to a civil service position can only be made from an eligibility list of candidates who have qualified by passing a civil service examination (NY Const, art V, § 6; Civil Service Law § 61), Yannacone's appointment would be in direct contravention of law and of strong public policy. In *Matter of Enlarged City School Dist. (Troy Teachers Assn.)* (69 NY2d 905), the Court of Appeals held that: "To justify preemptive judicial intervention in the arbitration process, public policy considerations embodied in decisional law or statutes must 'prohibit in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator' " *(supra,* at 906, quoting *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 631). *(See also, Matter of County of Schenectady [Kelleher],* 134 AD2d 127, 129.) We find no public policy considerations present which would prohibit "in an absolute sense" an arbitrator from deciding whether the collective bargaining agreement herein provided that Yannacone was grandfathered in, as petitioners contend, to only the position of Communications Officer, or whether, as respondents argue, all members of the bargaining unit were made part of the classified civil service exempt from the necessity to take civil service examinations. Put another way, respondents contend that the collective bargaining agreement grandfathered Yannacone into every Deputy Sheriff position, including Road Patrol, and that the agreement gave him the absolute right to reassignment.

Article XIV of the collective bargaining agreement in relevant part states that: "all persons employed by the Columbia County Sheriff's Department as of 1/30/88 will be grandfa-

thered into the classified Civil Service and will not be required to take a Civil Service exam to continue their employment with the Columbia County Sheriff's Department." Petitioners contend that the grandfathering of existing employees was into their then-present titles in the positions they held on January 30, 1988. We do not find that limitation clearly spelled out in the agreement and, therefore, conclude that the arguments in petitioners' brief describing differences in duties and responsibilities of the various job titles irrelevant to this dispute.

Civil Service Law § 122 authorizes the Civil Service Commission to approve continued employment of a permanent incumbent employee, without requiring an examination, provided such employee has satisfactorily performed the duties of the position for at least one year. In addition, County Law § 652-a (1) provides for the appointment and promotion of Deputy Sheriffs notwithstanding other provisions of law and, once again, we find nothing to the contrary set forth in the collective bargaining agreement.

The courts have a limited role in the review of applications to stay arbitration and it is not for courts to interpret substantive provisions of a collective bargaining agreement or to reach the merits of a dispute (*Matter of Enlarged City School Dist. [Troy Teachers Assn.], supra,* at 906; *Matter of County of Schenectady [Kelleher], supra,* at 128). We perceive no reason in this case to depart from these well-established legal principles and find that resolution of the disputed interpretation of the language of the collective bargaining agreement remains the proper function of an arbitrator.

We find equally unavailing petitioners' contention that the instant grievance is beyond the scope of the collective bargaining agreement. Article VIII of the agreement contains a detailed grievance procedure which includes very broad provisions for arbitration of unresolved grievances. Section 2A defines a grievance as "any alleged violation of this AGREEMENT or any dispute with respect to its meaning or application". It is clear that resolution of the issue posited in this proceeding, i.e., whether the grandfather clause included all employees in the unit and whether Yannacone was entitled to assignment as Deputy Sheriff Road Patrol, is a matter of contract interpretation and application, and hence must be deemed a matter for resolution by the arbitrator (*see, Matter of Board of Educ. v Watertown Educ. Assn.,* 74 NY2d 912, 913; *Matter of County of Schenectady [Lainhart],* 177 AD2d 826;

*Matter of Clarkstown Cent. School Dist. [Cacciola],* 163 AD2d 670, 672).

Mikoll, Levine and Mercure, JJ., concur. Ordered that the order and judgment is affirmed, without costs.