■ In the Matter of JOHN J. CARPENTER, Appellant, v CITY OF TROY, Respondent. [597 NYS2d 203] —Mercure, J. Appeal from a judgment of the Supreme Court (Travers, J.), entered March 2, 1992 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, direct respondent to pay petitioner earned and accrued vacation and compensatory time.

Petitioner, employed by respondent as a firefighter until his May 22, 1990 performance of duty disability retirement (see, General Municipal Law § 207-a), commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondent to pay him the balance allegedly due for earned and accrued vacation and compensatory time and to include the emergency medical technician salary differential and holiday pay in the calculation of petitioner's past, present and future retirement benefits.* Respondent moved to dismiss the petition upon the ground that petitioner had received all benefits to which he was legally entitled. Supreme Court granted

---

* We agree with petitioner's current contention that his appropriate remedy is a CPLR article 78 proceeding in the nature of mandamus to compel (see, e.g., Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett, 40 NY2d 571) and shall treat the proceeding as such.

respondent's motion and dismissed the petition. Petitioner appeals.

We conclude that, in the absence of a showing of a clear legal right to the relief demanded *(see, Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 96), Supreme Court properly dismissed the petition. We accordingly affirm. On the record before us, we cannot ascertain the basis for petitioner's claim that he was not compensated in cash for the full amount of accrued compensatory and vacation time due him at the time of his retirement. Contrary to petitioner's assertion, it is not respondent's burden to establish payment of all sums to which petitioner is entitled. Rather, petitioner is required to show his right to performance " 'so clear as not to admit of reasonable doubt or controversy' " *(Matter of Association of Surrogates & Supreme Ct. Reporters v Bartlett,* 40 NY2d 571, 574, quoting *Matter of Burr v Voorhis,* 229 NY 382, 387). As to the claim for retirement benefits based upon the value of the emergency medical technician salary differential and holiday pay, we agree with respondent that these benefits do not constitute "regular salary or wages" within the purview of General Municipal Law § 207-a *(see, Matter of Chalachan v City of Binghamton,* 55 NY2d 989; *Benson v County of Nassau,* 137 AD2d 642, *lv denied* 72 NY2d 809). Petitioner's remaining contentions are either meritless, have been abandoned or have not been preserved for our review.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.