OPINION OF THE COURT
Levine, J.
In the fall of 1997, six members of the City of Cohoes Fire Department, who were receiving disability payments under General Municipal Law § 207-a, were examined by the City’s physician for the purpose of evaluating their physical ability to return to full duty or to perform light duty assignments. The physician found that five of the firefighters were capable of performing light duty tasks and one was able to return to full duty. Each was then given a written order on October 31, 1997 to report for those assignments on November 10. Appellant Uniform Firefighters of Cohoes, Local 2562, the firefighters’ bargaining unit representative (the Union), by letter from its attorney, objected to the report-for-duty orders on the ground that “the members may not be ordered back to work without specification of the proposed duties and an opportunity to challenge the proposed return to work order at a due process hearing.” The time to report was subsequently extended to December 1 or 2, and each firefighter was given a copy of his evaluation by the City’s physician, a description of assignment duties and a work schedule.
Without reporting for duty as directed, the six firefighters and the Union brought the CPLR article 78 proceeding which is one of the matters before us on this appeal, to prevent enforcement of the orders. The principal ground advanced by petitioners for the relief sought was that, upon their counsel’s prior objection and their averments of continued total disability, they were entitled to a “due process” hearing to contest the *691 City’s determination before being ordered to report for duty. Only two of the petitioners, however, supported their claims of continued full disability by a report from their personal physicians. Supreme Court dismissed the petition as to all six firefighters (175 Mise 2d 726). On appeal to the Appellate Division, that Court modified, but only as to the two petitioners who submitted medical documentation of their continued total disability (258 AD2d 24). As to them, the Court held that General Municipal Law § 207-a benefits could not be withheld before a hearing.
In addition to bringing the foregoing CPLR article 78 proceeding, upon receiving the light or full duty orders, the firefighters, through the Union, immediately filed grievances under their collective bargaining agreement (CBA). In February 1998, the Union filed a demand for arbitration of those grievances before the State Public Employment Relations Board. The City then brought the second proceeding which is the subject of this appeal, to stay arbitration. Supreme Court granted the petition to stay arbitration on alternative grounds of public policy and that the orders to report for duty pursuant to General Municipal Law § 207-a were not covered by the arbitration provisions of the CBA (177 Mise 2d 242). The Appellate Division, on the consolidated appeals by the Union and the firefighters in the two proceedings, affirmed the stay of arbitration but only on the latter ground (258 AD2d 24). We granted leave to appeal and now affirm the Appellate Division order as it relates to both proceedings.
I
The first issue before us on this appeal is appellant firefighters’ claim that an evidentiary hearing was required regarding their capability, medically, to perform light duty assignments before an order to return could be issued. It is not disputed by the City here, and we agree, that the right of a disabled firefighter to receive General Municipal Law § 207-a disability payments is a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated (see, Cleveland Bd. of Educ. v Loudermill, 470 US 532, 545-546; Matter of Prue v Hunt, 78 NY2d 364, 369; Goglia v Sardino, 119 Misc 2d 907, 908-909, affd for reasons stated below 101 AD2d 1013, affd for reasons stated below sub nom. Matter of Goglia v Sardino, 64 NY2d 1084). All that remains to be determined then, is what process is constitutionally due those appellants, based on the *692 balancing of three factors: (1) the private interests affected by the proceeding; (2) the risk of error created by the State’s chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure (see, Mathews v Eldridge, 424 US 319, 335; see also, Gilbert v Homar, 520 US 924, 931-932).
Balancing those factors, although an administrative hearing may ultimately be required before section 207-a payments are terminated (see, Matter of Goglia v Sardino, supra), recipients are not entitled to a hearing — as claimed by appellants here — prior to the issuance of a report for light duty order (see, Matter of Hurwitz v Perales, 81 NY2d 182, 187). Indeed, an order to report for duty made, as here, only after a medical determination of capability (see, General Municipal Law § 207-a [1], [3]) does not trigger a hearing unless a firefighter on section 207-a status has brought that determination into issue by the submission of a report by a personal physician expressing a contrary opinion. Once evidence of continued total disability has been submitted, we agree with the Appellate Division that the order to report for duty may not be enforced, or benefits terminated, pending resolution of an administrative hearing, which itself is subject to review under CPLR article 78. We suggested this outcome in Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd. (85 NY2d 480) in finding “no reason * * * why officers should not be permitted the opportunity to obtain and have considered the views of their personal physicians as to [the propriety of a public employer’s order under General Municipal Law § 207-c to submit to] surgery” (id., at 487).
Each of the three Mathews v Eldridge (supra) factors supports this result. While certainly disabled firefighters receiving section 207-a benefits have an important private interest in continuing to receive them, they are protected in the first instance in that they cannot be ordered back to duty before the public employer’s physician has found them capable of performing light duty (see, General Municipal Law § 207-a [3]). Then, it hardly seems unduly burdensome to require the firefighter to submit a medical report from a personal physician disputing the governmental physician’s finding, as a condition for continued receipt of section 207-a disability benefits pending a hearing. Moreover, even in the unlikely event of a temporary cessation of benefits due, for example, to a delay in obtaining a physician’s report, any loss ultimately found to be erroneously imposed can be rectified by “back pay for benefits lost or resto *693 ration of leave credits improperly used” (Matter of DePoalo v County of Schenectady, 85 NY2d 527, 532).
Consideration of the “risk of error” factor also points to the adequacy of conditioning entitlement to a hearing on the submission of medical evidence of continuing total disability of the officer or firefighter. In the absence of a genuine medical dispute over the ability of a firefighter on section 207-a status to perform a light or full duty assignment, the risk of error in relying on the evaluation of the employing municipality’s physician is minimal.
Finally, the governmental interest is clearly served by declining to trigger the hearing requirement before the order to report for duty has been issued and a medical dispute on the propriety of the order has been demonstrated by the recipient. Payments under General Municipal Law § 207-a have significant fiscal implications for a municipality. Also, as we pointed out in DePoalo (supra), “the statute makes no provision for recoupment of benefits” (85 NY2d, at 532) erroneously paid to an officer or firefighter who is no longer disabled from performing at least a light duty assignment.
Our conclusion that appellants must submit medical evidence contesting the City’s physician’s findings in order to trigger a hearing is also supported by the holdings, in other contexts, that due process does not require a hearing on a claimed invasion of a property or liberty interest in governmental employment, until the employee has raised a genuine dispute on operative facts (see, Codd v Velger, 429 US 624, 627; Matter of Economico v Village of Pelham, 50 NY2d 120, 128; Matter of Dolan v Whalen, 49 NY2d 991, 993). Thus, the Appellate Division properly rejected appellants’ claim of entitlement to a due process hearing before being ordered to return to duty.
II
We also agree with the Appellate Division that the City was not compelled to submit the disputed orders to report for light duty assignments to arbitration on the Union’s demand.* The grievances filed by the Union claimed that the specific light duty assignments directed to five of appellant firefighters *694 violated provisions of the CBA regarding hours of employment, seniority, previous condition of employment and assignments. The CBA’s grievance machinery (article X) broadly covers any dispute over a “violation, misinterpretation or inequitable application of* * * all provisions of this Agreement” and requires that unresolved grievances be submitted to arbitration upon demand by either side. Undoubtedly, the light duty assignments here would have been subject to arbitration under the CBA if directed to regular duty firefighters, rather than to firefighters previously found to be disabled for purposes of General Municipal Law § 207-a. That is because of the general rule that, under a broad arbitration clause in a CBA, if the matter in dispute bears a “reasonable relationship” to some general subject matter of the CBA, it will be for the arbitrator and not the courts to decide whether the disputed matter falls within the CBA (see, Matter of Board of Educ. [Watertown Educ. Assn.], 93 NY2d 132, 143).
Here, however, the CBA is entirely silent as to whether the contractual rights accorded regular duty firefighters in the CBA provisions cited in appellants’ grievances are applicable to disabled firefighters on General Municipal Law § 207-a status. Significantly, the CBA does expressly provide that certain other contractual benefits extend to section 207-a recipients. Thus, article XVII states that section 207-a beneficiaries “shall accumulate sick leave, longevity, holiday pay and clothing allowance in accordance with the contract” (emphasis supplied).
In our view, the total absence of any express provision in the CBA making applicable to firefighters on General Municipal Law § 207-a status the specific contractual provisions the Union claims were violated, is fatal to appellants’ arbitration claim. We, lower courts and other authorities have recognized that, because disabled firefighters do not perform regular duty in exchange for the “payment of the full amount of regular salary or wages” under General Municipal Law § 207-a, apart from contractual entitlements, “[t]he collective bargaining agreement should not therefore be construed to implicitly expand whatever compensation rights are provided petitioners under the statute. Any additional benefits must be expressly provided for in the agreement” (Matter of Chalachan v City of Binghamton, 55 NY2d 989, 990 [emphasis supplied]; see, Benson v County of Nassau, 137 AD2d 642, 643-644; Matter of Geremski v Department of Fire, 78 Misc 2d 555, 558 [Hancock, Jr., J .];Phaneuf v City of Plattsburgh, 84 Misc 2d 70, 74-75; 1986 *695 Opns St Comp No. 86-48; 1983 Opns St Comp No. 83-161; 1982 Opns St Comp No. 82-352).
In the instant case, the grievances claimed arise out of nothing more than the orders to report for light duty assignments, and that is merely the imposition of a condition precedent for the continued receipt of section 207-a payments, as expressly authorized by the statute. Therefore, there is no reason not to apply the now well-settled rule that recipients of section 207-a benefits cannot claim additional employment entitlements beyond those in the statute unless there is an express provision in the collective bargaining agreement awarding them.
Concededly the CBA here does not expressly extend to firefighters on General Municipal Law § 207-a status the benefits and entitlements contained in the contractual provisions relied upon in appellants’ grievances and, under Chalachan (supra, at 990), those CBA terms may not be “implicitly expand[ed]” to cover appellants. Thus, despite the breadth of the arbitration clause in the CBA, it cannot be construed to extend to arbitration of grievances which, as a matter of law, do not effectively allege any breach of the collective bargaining agreement by the ordering of appellants to report for light duty assignments (see, Matter of Barnes [Council 82], 94 NY2d 719 [decided today]).
Thus, the Appellate Division properly affirmed Supreme Court’s stay of arbitration of appellants’ grievances in the second proceeding under review.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur.
Order affirmed, with costs.

 Whether to expressly provide for the arbitration of such disputes is itself a subject of mandatory collective bargaining (see, Matter of City of Watertown v State of N. Y. Pub. Empl. Relations Bd., 95 NY2d 73 [decided today]). The parties did not agree to do so here, however.