In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Village Manager of the Village of Pelham Manor dated August 10, 1998, which denied the petitioner benefits pursuant to General Municipal Law § 207-a, the appeal is from a judgment of the Supreme Court, Westchester County (Angiolillo, J.), entered May 11, 2001, which granted the petition and directed that the benefits be awarded.
Ordered that the judgment is affirmed, with costs.
The petitioner’s union and the appellant Village of Pelham Manor entered into a collective bargaining agreement (hereinafter the CBA), which set forth certain procedures for injured firefighters to apply for General Municipal Law § 207-a benefits. The CBA also vested the Fire Chief with the exclusive authority to determine whether an injured firefighter was eligible for benefits, and set forth procedures for a firefighter to challenge an unfavorable determination or a subsequent termination of benefits. The appellants failed to abide by these procedures, leaving the petitioner with no means of redress under the CBA and depriving him of the due process to which he was entitled (see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686 [2000]; Local 589, Intl. Assn. of Fire Fighters, AFL-CIO v City of Newburgh, 116 AD2d 396, 398 [1986]). As it is undisputed that the petitioner was injured in the performance of his duties as a firefighter and that the appellants were notified of his injury and subsequent medical treatment, the petitioner is entitled to General Municipal Law § 207-a benefits. Altman, J.E, H. Miller, Adams and Townes, JJ., concur.