■ In the Matter of the Arbitration between TOWN OF NISKAYUNA, Respondent, and BILLY J. FORTUNE et al., Appellants. [789 NYS2d 746]—

Crew III, J.P. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered August 8, 2003 in Schenectady County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

Petitioner and respondent Niskayuna Police Benevolent Association are parties to a collective bargaining agreement (hereinafter CBA) containing a grievance procedure that concludes

with arbitration. Respondent Billy J. Fortune, employed by petitioner's police department, sustained an illness during the performance of his duties, as the result of which he was found eligible to receive General Municipal Law § 207-c benefits. While receiving such benefits, Fortune sought to change his health insurance plan under article 13 of the underlying CBA, but was advised that employees out of work receiving General Municipal Law § 207-c benefits are not entitled to health care coverage under the terms of the statute. Accordingly, respondents filed a grievance and, ultimately, filed a notice of intention to arbitrate seeking arbitration of petitioner's denial of benefits. Petitioner then commenced the instant proceeding requesting a stay of arbitration. Supreme Court granted a stay, and this appeal by respondents ensued.

We affirm. It is now clear that the benefits provided to a police officer under General Municipal Law § 207-c are exclusive, and a CBA will not be construed to implicitly expand such benefits (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO]*, 94 NY2d 686, 694 [2000]). In order to be entitled to additional benefits, the CBA must expressly provide that such benefits are applicable to disabled police officers receiving General Municipal Law benefits (*see Matter of Chalachan v City of Binghamton*, 55 NY2d 989, 990 [1982]). Here, the CBA is entirely silent as to whether the health benefits accorded regular police officers are applicable to disabled officers receiving General Municipal Law benefits and, accordingly, Supreme Court quite properly granted a stay of arbitration (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO], supra* at 695). To the extent that our decision in *Matter of County of Schenectady (Kelleher)* (134 AD2d 127 [1988]) suggests to the contrary, we decline to follow it in light of the Court of Appeals' pronouncement in *Matter of City of Cohoes (Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO) (supra)*.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order and judgment is affirmed, without costs.