■ In the Matter of the Arbitration between Town of Evans, Appellant, and Town of Evans Police Benevolent Association, Respondent. [886 NYS2d 276]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered January 7, 2009. The order and judgment, among other things, denied the petition for a permanent stay of arbitration.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by granting the petition in part and permanently staying arbitration with respect to sections 9.01, 10.01 and 12.01 of the collective bargaining agreement and as modified the order and judgment is affirmed without costs.

Memorandum: Petitioner appeals from an order and judgment denying its petition for a permanent stay of arbitration pursuant to CPLR 7503 (b). Respondent filed a demand for arbitration concerning petitioner's determination that a disabled police officer receiving benefits pursuant to General Municipal Law § 207-c was not entitled to accrue holiday, vacation, personal, or sick time pursuant to the terms of the collective bargaining agreement (CBA) between petitioner and respondent. Contrary to the contention of petitioner, respondent's demand for arbitration concerned holiday compensation as well

as "other provisions as may be shown [to be] relevant," and our review of the propriety of the order and judgment on appeal is not limited to the issue of holiday compensation. We agree with petitioner, however, that Supreme Court erred in denying those parts of the petition for a permanent stay of arbitration with respect to the disputed holiday, vacation and personal time accruals (*see generally Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513 [2007]), and we therefore modify the order and judgment accordingly. "[T]he benefits provided to a police officer under General Municipal Law § 207-c are exclusive, and a CBA will not be construed to implicitly expand such benefits" (*Matter of Town of Niskayuna [Fortune]*, 14 AD3d 913, 914 [2005], *lv denied* 5 NY3d 716 [2005]; *see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 694-695 [2000]). "In order to be entitled to additional benefits, the CBA must expressly provide that such benefits are applicable to disabled police officers receiving General Municipal Law benefits" (*Town of Niskayuna*, 14 AD3d at 914). Here, the provisions of the CBA concerning holiday, vacation and personal time benefits are "entirely silent as to whether the contractual rights accorded regular duty [police officers] in the CBA . . . are applicable to disabled [police officers] on General Municipal Law [§ 207-c] status" (*Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO*, 94 NY2d at 694). In contrast, however, the CBA contains a provision with respect to sick time accruals expressly stating that "[o]fficers who are absent from work due to disability arising from injuries sustained in the course of employment, shall continue to accumulate sick leave . . . ." The court therefore properly denied that part of the petition for a permanent stay of arbitration with respect to the disputed sick time accruals. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.