■ In the Matter of TOWN OF TUXEDO, Appellant, v TOWN OF TUXEDO POLICE BENEVOLENT ASSOCIATION, Respondent. (Proceeding No. 1.) In the Matter of TOWN OF TUXEDO, Appellant, v TOWN OF TUXEDO POLICE BENEVOLENT ASSOCIATION, Respondent. (Proceeding No. 2.) [911 NYS2d 124]—

In two proceedings pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from (1) an order of the Supreme Court, Orange County (Lubell, J.), dated September 30, 2009, which denied the petition in proceeding No. 1 as premature and, in effect, dismissed that proceeding, and (2) an order of the same court, also dated September 30, 2009, which denied the petition in proceeding No. 2, dismissed that proceeding, and directed the parties to proceed to arbitration.

Ordered that the appeal from the first order dated September 30, 2009, is dismissed as academic in light of our determination on the appeal from the second order dated September 30, 2009; and it is further,

Ordered that the second order dated September 30, 2009, is reversed, on the law, and the petition in proceeding No. 2 to permanently stay arbitration is granted; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

On December 4, 2004, Town of Tuxedo Police Officer John Tamburello was injured in the line of duty. He never returned to work and was awarded a disability retirement on or about December 23, 2008. From December 2004 up until the date of his retirement, Tamburello was paid his full salary pursuant to General Municipal Law § 207-c. Upon his retirement, he also was paid for all of his unused sick, vacation, personal, and compensatory time through December 4, 2004.

In March 2009, pursuant to the collective bargaining agreement between the petitioner, the Town of Tuxedo, and the respondent, the Town of Tuxedo Police Benevolent Association (hereinafter the PBA), the PBA filed a grievance alleging that Tamburello had not been paid for all of his unused leave. According to the PBA, leave time continued to accrue during the four-year period that Tamburello was receiving benefits pursuant to General Municipal Law § 207-c. After the Chief of Police and the Town denied the grievance, the PBA, pursuant to the three-step grievance procedure set forth in the collective bargaining agreement (hereinafter CBA), notified the Town's Supervisor, in writing, of its intention to arbitrate. The Town then commenced the first proceeding to permanently stay arbitration. Shortly after the Town commenced the first proceeding, the PBA served a demand for arbitration upon the Town. In response, the Town commenced the second proceeding to permanently stay arbitration.

In an order dated September 30, 2009, the Supreme Court denied the first petition as premature and, in effect, dismissed that proceeding, since the PBA had not served a demand for arbitration before the proceeding was commenced. In another order also dated September 30, 2009, the Supreme Court denied the second petition, dismissed that proceeding, and directed the parties to proceed to arbitration. The Town appeals from both orders.

Benefits provided to a police officer pursuant to General Municipal Law § 207-c, like the benefits provided to a firefighter pursuant to General Municipal Law § 207-a, are exclusive, and a collective bargaining agreement will not be construed to implicitly expand such benefits (*see Benson v County of Nassau*, 137 AD2d 642, 643 [1988]; *Matter of Town of Niskayuna [Fortune]*, 14 AD3d 913 [2005]), since a disabled individual's continued status as an employee, even after disability, is "strictly a matter of statutory right" (*Matter of Chalachan v City of Binghamton*, 55 NY2d 989, 990 [1982]). Unless a collective bargaining agreement expressly provides for compensation rights to disabled officers in addition to those provided by General Municipal Law § 207-c, there is no entitlement to such additional compensation (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 694 [2000]).

Here, contrary to the PBA's contention, the CBA did not contain any language expressly providing that leave time would accrue during the period that a disabled officer receives General Municipal Law § 207-c benefits, or that a disabled officer would be paid for such leave time upon retirement. Accordingly, the Supreme Court should have granted the petition in proceeding No. 2 to permanently stay arbitration (*see Matter of Town of Evans [Town of Evans Police Benevolent Assn.]*, 66 AD3d 1408, 1408-1409 [2009]). In light of our determination, the appeal from the first order dated September 30, 2009, which denied the petition in proceeding No. 1 as premature, and, in effect, dismissed that proceeding, has been rendered academic.

The respondent's remaining contentions are without merit. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.