■ In the Matter of INCORPORATED VILLAGE OF FLORAL PARK, Respondent, v FLORAL PARK POLICE BENEVOLENT ASSOCIATION, Appellant. [931 NYS2d 700]—

After sustaining an on-the-job injury, Village of Floral Park Police Officer Robert Pedley was disabled between July 31, 2009, and March 19, 2010. During this period, he was paid his salary, pursuant to General Municipal Law § 207-c.

After the Village informed Pedley that he could not accrue any holiday or termination pay, or personal, sick, or vacation days during the disability period, he filed a grievance pursuant to the collective bargaining agreement between the Village and the appellant, Floral Park Police Benevolent Association (hereinafter the PBA). The Village denied the grievance and, thereafter, the PBA filed a demand for arbitration requesting that the Village make Pedley whole as a result of any improper adjustments that were made to his accrual of personal and vacation days. The PBA characterized the grievance as one involving contract interpretation. In July 2010 the Village commenced this proceeding to permanently stay arbitration. The PBA cross-petitioned to compel arbitration.

In an order entered November 9, 2010, the Supreme Court granted the Village's petition to permanently stay arbitration and denied the PBA's cross petition. Thereafter, the PBA moved, in effect, for leave to reargue its cross petition to compel arbitration and its opposition to the petition. In an order entered March 11, 2011, the Supreme Court granted reargument and, upon reargument, adhered to its original determination.

Benefits provided to a police officer pursuant to General Municipal Law § 207-c are exclusive, and a collective bargaining agreement will not be construed to implicitly expand such benefits (*see Matter of Town of Tuxedo v Town of Tuxedo Police Benevolent Assn.*, 78 AD3d 849, 851 [2010]; *Benson v County of Nassau*, 137 AD2d 642, 643 [1988]), since a disabled individual's continued status as an employee is "strictly a matter of statutory right" (*Matter of Chalachan v City of Binghamton*, 55 NY2d 989, 990 [1982]). Therefore, unless a collective bargaining agreement expressly provides for compensation or benefits to disabled officers in addition to those provided by General Municipal Law § 207-c, there is no entitlement to such additional compensation (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 694 [2000]; *Matter of Town of Tuxedo v Town of Tuxedo Police Benevolent Assn.*, 78 AD3d at 851).

Here, contrary to the PBA's contention, the parties' collective bargaining agreement does not expressly provide that leave time accrues during the period that a disabled officer is not working and is receiving benefits pursuant to General Municipal Law § 207-c. The PBA relies upon two sentences contained in article XVI, § 4, of the collective bargaining agreement, which state that "[i]n cases of on-the-job injuries, no proration shall be deducted" and that "[n]o officer (member) out on leave provided by General Municipal Law Section 207-c shall lose earned vacation." However, those sentences must be read, not in a vacuum, but in the full context of section 4, which unequivocally prohibits the accrual, inter alia, of personal and vacation days during the period of absence for any member who is absent from duty for more than 90 consecutive calendar days "due to sickness or disability of any kind" and provides that "a Member shall be entitled to any unused vacation earned prior to the commencement of the period of absence." Therefore, while an officer out on leave pursuant to General Municipal Law § 207-c cannot lose vacation time that was earned prior to his or her disability leave, and the benefits for an officer who has suffered an on-the-job injury cannot be prorated, there is no language providing that leave time continues to accrue during the period

an officer is disabled and receiving benefits under General Municipal Law § 207-c. Had the parties intended to allow disabled officers to continue to accrue leave time during their period of disability, they could have inserted such language into article XVI, § 4, but they did not do so. Under such circumstances, the dispute is not arbitrable (*see Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d at 694-695).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting the petition to permanently stay arbitration and denying the PBA's cross petition to compel arbitration. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.