# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 96
In the Matter of City of Yonkers,
      Appellant,
    v.
Yonkers Fire Fighters, Local 628,
IAFF, AFL-CIO,
      Respondent.

Paul J. Sweeney, for appellant.
Richard S. Corenthal, for respondent.

WILSON, J.:

In this case, we are asked to determine whether the Union and the City of Yonkers (Yonkers) may arbitrate their dispute over General Municipal Law § 207-a benefits pursuant to an arbitration clause in their collective bargaining agreement (CBA). We conclude that Yonkers must arbitrate the section 207-a (2) dispute, consistent with our well-established case law (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132 [1999]), and we accordingly affirm.

- 1 -

This appeal arises from a dispute between Yonkers and its firefighters as to whether Yonkers must make certain types of payments to firefighters who are permanently disabled by work-related injuries and who qualify for benefits under General Municipal Law § 207-a (2). Section 207-a (2) provides that, until the disabled firefighter reaches the relevant age, Yonkers must make up the difference between the state's disability pension benefits and the firefighters' "regular salary or wages." For decades, Yonkers has paid certain benefits ("special pays") to all of its active duty and temporarily disabled firefighters as well as General Municipal Law § 207-a (2) beneficiaries. In 2015, Yonkers announced that it would discontinue those payments to General Municipal Law § 207-a (2) recipients. Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (the Union) disputes Yonkers's ability to do so on behalf of its members. The merits of that dispute are not at issue here. Instead, the issue on appeal concerns the arbitrability of the underlying grievance.

The Union filed a grievance with the Yonkers Fire Commissioner, alleging that the determination to discontinue the special pays violated the CBA between the Union and Yonkers. After exhausting the due process hearing procedure, the Union served a demand for arbitration. Yonkers responded by filing a petition pursuant to CPLR article 75 to permanently stay arbitration. Supreme Court initially denied Yonkers's petition, but on reargument granted the petition and permanently stayed arbitration of the dispute. The Appellate Division reversed Supreme Court's order on reargument and adhered to the Supreme Court order denying the motion to stay arbitration (187 AD3d 900 [2d Dept 2020]). We granted leave to appeal (37 NY3d 910 [2021]).

To resolve this question, we apply the familiar framework outlined in *Watertown Educ. Assn.* (93 NY2d 132; *see also Matter of City of Yonkers v Yonkers Fire Fighters*, *Local 628, IAFF, AFL-CIO*, 176 AD3d 1197, 1198-1199 [2d Dept 2019]; *Matter of City of Yonkers v Yonkers Fire Fighters*, *Local 628, IAFF, AFL-CIO*, 167 AD3d 599, 600 [2d Dept 2018]; *Matter of City of Yonkers v Yonkers Fire Fighters*, *Local 628, IAFF, AFL-CIO*, 153 AD3d 617, 617-618 [2d Dept 2017]).

First, we ask whether the grievance is "off-limits for arbitration" because of "public policy[,] . . . statutory[,] or constitutional restrictions" (93 NY2d at 138). This prong of the *Watertown Educ. Assn.* test is not relevant to the dispute before us (*see Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.]*, 90 NY2d 364, 372 [1997]; *see also Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 693 n [2000]).

Second, we consider whether the parties did, in fact, agree to arbitrate the grievance. This step is "influenced by the wording of the CBA" and "typically turns on drafting skills and language entirely within the control of the parties" (*Watertown Educ. Assn.*, 93 NY2d at 140). If there is a "reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA," the matter is arbitrable, leaving the arbitrator to "make a more exacting interpretation of the precise scope of the substantive provisions of the CBA, and whether the subject matter of the dispute fits within them" (*id*. at 143). Here, the Union argues that both Appendix C and Article 31 of the CBA demonstrate that the parties agreed to arbitrate the present grievance.

Appendix C, which is entitled, "General Municipal Law Section 207-a Procedure," contains six pages of detailed terms to which Yonkers and the Union agreed, including very broad provisions granting the arbitrator "authority to decide, de novo, the claim of entitlement [and continued entitlement] to [section] 207-a benefits." It further provides that when "the matter presents a termination of [section] 207-a benefits, the Fire Department shall have the burden of proof by a preponderance of the evidence that the member is no longer eligible for [section] 207-a benefits." The Union's grievance reasonably relates to these provisions because they provide for the arbitration of disputes over General Municipal Law § 207-a benefits, and the Union contends that Yonkers is attempting to terminate such benefits by withholding special pays.

Yonkers contends that the "reasonable relationship" test does not apply at all, arguing that *Cohoes* instead asks whether a CBA "expressly provide[s]" for a General Municipal Law § 207-a benefit in order to determine whether the parties agreed to arbitrate the dispute (*see* 94 NY2d at 694). *Cohoes* established no such test, but rather applied our familiar *Watertown Educ. Assn.* analysis. In *Cohoes*, the firefighters were not seeking to recover General Municipal Law § 207-a benefits, but instead demanded to arbitrate a return-to-work order for several General Municipal Law § 207-a beneficiaries. We explained that the relevant CBA was "entirely silent as to whether the contractual rights accorded regular duty firefighters in the CBA provisions cited in appellants' grievances [we]re applicable to disabled firefighters on General Municipal Law § 207-a status" (94 NY2d at 694). Although the CBA provided for the arbitration of disputes over "terms and/or working conditions" generally it made "no reference to light-duty assignments" and

outlined "no procedure for contesting the same" despite explicitly providing for other General Municipal Law § 207-a benefits (258 AD2d at 31; *see also* 94 NY2d at 694). Based on the terms of that CBA and the nature of the dispute, we concluded that the *Cohoes* firefighters did not "allege any breach of the collective bargaining agreement" (94 NY2d at 695).

Well-settled law dictates that the grievances like the present one are arbitrable so long as no public policy, statutory, or constitutional provisions prohibit them and they are reasonably related to the provisions of the CBA. That requirement is satisfied when, as here, the CBA outlines a detailed procedural mechanism by which firefighters on section 207-a status may seek arbitration of disputes concerning their benefits.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Order affirmed, with costs. Opinion by Judge Wilson. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Singas and Troutman concur.

Decided December 15, 2022